(February 14, 1884.)

## GENERAL CUSTER MINING COMPANY v. VAN CAMP.
### [3 Pac. 22.]

STATUTORY APPEAL.—The right to appeal is statutory, and unknown to the common law; it cannot be extended to cases not within the statute.

BOARD OF EQUALIZATION—POWERS DISTINCT FROM COMMISSIONERS.— The board of county commissioners and the board of equalization, although composed of the same persons, are separate and distinct bodies, with different duties and powers.

NONAPPEALABLE ORDERS.—The right of appeal given by statute from orders of the board of commissioners does not imply the right of appeal from orders of the board of equalization.

(Syllabus by the court.)

ERROR to the District Court of Custer County.

James H. Hawley, M. Kirkpatrick and E. P. Johnson, for Plaintiff in Error.

We maintain that the district court erred in overruling the motion of plaintiffs in error to dismiss Van Camp's appeal from the board of equalization, and that said court had no jurisdiction to render its judgment in the case: 1. Because the order of the board of equalization was not appealable. The right to appeal is a statutory right and unknown to common law, and exists in jurisdictions governed by the common law only by authority of the statutes of such jurisdiction, and it cannot be extended to cases not within the statute, even by consent of the parties. The statute in all cases must be strictly pursued as to subject matter, time, parties, mode and manner. (*The Constitution v. Woodworth,* 2 Ill. (1 Scam.) 511; *Edwards v. Vandemack,* 13 Ill. 633; *Street v. Francis,* 3 Ohio, 277; *Ohio etc. R. R. Co. v. Lawrence Co.,* 27 Ill. 50.) Where by statute an inferior tribunal is clothed with a special jurisdiction, and no appeal is expressly provided, the judgment of such tribunal is conclusive. (*Worthington v. Pike,* 23 Ill. 363; *Ohio etc. R. R. Co. v. Lawrence Co.,* 27 Ill. 50; *Stewart v. Maple,* 70 Pa. St. 221.) And without a special statute giving the right of appeal, the board of equalization are the final arbiters. (*Kimber v. Schuylkill Co.,* 20 Pa. St. 366; *Silver v. Schuylkill Co.,* 20 Pa. St. 369; *Rhoads v. Cushman,* 45 Ind. 85; Cooley on Taxation, 529; *Morgan v. Smithson,* 9 Ill. (4 Gilm.) 368; *Wade v. Commissioners of Craven County,* 74 N. C. 81.) The courts, therefore, have not the power to correct errors made by assessors in regard to the valuation of property. (*Shumway v. Baker Co.,* 3 Or. 246.)

Thomas J. Galbraith and Huston & Gray, for Defendant in Error.

No brief on file.

PRICKETT, J.—The assessor of Custer county, in this territory, for the year 1881, assessed the mill and appurtenances of the plaintiff in error at $70,000, and bullion on hand at $170,000. Upon the complaint of the manager of the company, the board of equalization of the county reduced such assessment to $35,000 on the mill and its appurtenances, and to $25,000 upon the bullion. From the order of the board reducing the assessment, James H. Van Camp, a private citizen of the county, appealed to the district court of the third judicial district for Custer county. A motion was made in the district court to dismiss the appeal, on the grounds that no appeal is allowed by law from an order of the board of equalization, and that Van Camp was not, in any event, a proper party to take such appeal. The motion to dismiss was overruled. The cause was tried *de novo*, and the court rendered judgment restoring the assessment on the bullion to the original sum of $170,000, and fixing the assessment of the mill and appurtenances at $35,000, as fixed by the board.

The questions submitted to this court are the same as were raised in the district court on the motion to dismiss the appeal. Will an appeal lie from an order of the board equalizing assessments? Is it a legal and proper remedy? In order to answer these questions we must look to the statutes, for the right to appeal is purely statutory, unknown to the common law, and it cannot be extended by courts to cases not within the statute.

The defendant in error, to sustain the right of appeal, relies upon section 25 of the act creating the board of county commissioners and defining their duties and powers. (Revised Laws, 529.) It provides that "appeals may be taken from orders of the board of county commissioners, as follows: 1. From any order, by any person aggrieved thereby; 2. From an order allowing an account or demand against the county, by any elector or taxpayer of the county, on the ground of improper or excessive allowance; 3. From any order prejudicially affecting the public interest, by either the district attorney or the probate judge of the county, on behalf of the county."

Section 19 of the same act defines the duties and powers of the board of commissioners; and the twelfth subdivision of that section provides that they shall "act as a board of canvass-

ers and equalization, and do and perform all other acts required of them by the organic act and laws of Idaho territory not in conflict with this act." Under this last-mentioned provision it is claimed that the board, while equalizing assessments under the revenue law, are discharging duties and exercising powers imposed and conferred upon them as county commissioners. In this connection it is proper to notice that the general meetings of the board of commissioners are required to be held in January, April, July, and October of each year, at all of which meetings "they shall transact any business which may be required of them by law."

Section 22 of the revenue law of this territory (Revised Laws, 487) provides that "the commissioners of the county shall constitute a board of equalization, of which the clerk of the board of commissioners shall be clerk"; and that "the board of equalization shall meet on the third Monday in August in each year, and shall continue in session from time to time until the business of equalization presented to them is disposed of," etc. The provisions and requirements of this section of the revenue law are full and complete, and nothing is added to or subtracted from them by the repetition contained in subdivision 12 of section 19 of the county commissioners' law empowering the commissioners "to act as a board of equalization."

It seems quite clear that the board of county commissioners and the board of equalization are two separate and distinct bodies, created by different acts of the legislature; that by section 22 of the revenue law persons holding the office of county commissioners by election or appointment are invested with another distinct office having a different name. The revenue act, complete in itself, provides what duties the board of equalization shall perform. It requires them to meet and discharge those duties at a time not fixed by law for a meeting of the board of commissioners. It provides them with a clerk, and designates him as the clerk of the board of equalization; and, although the two boards are composed of the same persons, they are as completely different in respect to organization, powers, and duties as if composed of different individuals. There being two separate boards, the right of appeal given by statute from orders

of the board of commissioners does not imply the same right from the orders and decisions of the board of equalization.

We conclude, therefore, that the district court erred in entertaining the appeal, and in denying the motion to dismiss it.

It becomes unnecessary to consider whether Van Camp was a proper party to appeal from an order of the board of commissioners under any circumstances, as the question already disposed of is decisive of the case.

Judgment reversed and the cause remanded with directions to the district court to dismiss the appeal.

Buck, J., concurred.

Morgan, C. J., did not sit at the hearing.