FRANK L. JOHNSON and another *vs.* LIBBIE I. GOLD, impleaded, etc.

December 16, 1884.

**Mechanic's Lien—Date when Materials were Furnished.**—This being
an action to establish and enforce a lien for materials furnished towards
the construction of a house, certain facts and findings are considered
with reference to a question as to *the date* at which such articles are to
be taken as having been furnished.

Appeal by plaintiffs from an order of the district court for Hennepin county, *Lochren*, J., presiding, refusing a new trial. The action was to establish and enforce a mechanics' lien in favor of plaintiffs for materials furnished by them to defendants Hanson & Goldsborough for use, and which were used by the latter in building a dwelling-house on land of defendant Gold, under a contract with her. The sworn account of items (required by Gen. St. 1878, *c.* 90, § 6, to be filed "within sixty days after the time of * * * furnishing such materials") was filed with the register of deeds on November 17, 1883, the first item being under date of July 26th, and most of the rest, and the last, under date of September 24, 1883. The defendant Gold, in her answer, alleged, among other things, that the goods furnished were furnished between July 26th and September 14, 1883. At the trial a principal question was whether the last items of material were furnished on September 18th (in which case the account was filed in season to secure the lien) or whether, as claimed by defendant Gold, they were furnished prior to that day.

*Cross, Hicks & Carleton,* for appellants.

*Lane & Dodge,* for respondent.

BERRY, J. This being an action to establish and enforce a lien for materials furnished by the plaintiffs towards the construction of a dwelling-house, it became essential for them to rely on the furnishing of three lights of glass and a transom, or some one of these articles, on September 18, 1883. The glass was used, it seems, in certain doors. If the "account of items" filed to secure the lien under Gen. St. 1878, *c.* 90, § 6, be assumed to mention these doors, it men-

tions them *as doors,* and not otherwise. Now, it appears that the doors were delivered some time before September 18th; but some time after they were thus delivered, the glass in them was (for some reason not apparent) taken out, and the glass above mentioned substituted in its place. Now, the "account of items" specifying *doors* and not *glass,* the question is, *when* were the *doors* furnished? We agree with the learned judge below that the doors preserved their identity, notwithstanding the change of glass, and that they must, therefore, be taken to have been furnished when originally delivered.

With reference to the "ash transom," the account of items mentions it as "1 transom 2-8x1-8, 1 lt. glzd. ash," which is, by interpretation, 1 ash transom 2 feet 8 inches by 1 foot 8 inches, containing one light of glass. A transom answering this description was furnished before September 18th. Although it agreed with the order given for it, it was found to be too large for the opening which it was intended to fill, and was, accordingly, taken back by plaintiffs, "cut down, reglazed, and sent back," September 18th. The size of the transom, when sent back, was 2-8x1-4; that is, 2 feet 8 inches by 1 foot 4 inches. Now, this was either the same transom originally delivered, (as one or more of the witnesses swear,) or a different one. If it was the same, it was *furnished* when originally delivered, the change made in it not altering the fact that it had been actually furnished. If it was not the same, (as seems to us to be the fact,) then it was not the transom mentioned in the account of items, for it does not answer *its* description. It must be one or the other. If it is the same, it was furnished before September 18th. If not the same, it is not embraced in the account of items. In neither event does it save the lien claimed by the plaintiffs.

Order affirmed.

MITCHELL, J., *dissenting.* On the facts of this case I think that the furnishing of material by plaintiff was completed on the 18th, and not on the 17th, of September, and therefore that the account for a lien was seasonably filed on November 17th.