STERLING ELECTRIC COMPANY v. CHARLES E. KENT,
*d. b. a.* KENT ENGINEERING COMPANY, AND OTHERS.
THE SWEDISH HOSPITAL, APPELLANT.[1]

January 19, 1951.

No. 35,322.

*Kelly, Berglund & Johnson* and *Fred N. Furber* of *Fowler, Youngquist, Furber, Taney & Johnson,* for appellant.
*Wagner & Bailey,* for Sterling Electric Company, respondent.

CHRISTIANSON, JUSTICE.

This is an appeal from an order denying appellant's motion for a new trial after findings for plaintiff in an action to foreclose a mechanic's lien filed by plaintiff against appellant's property.

Appellant owns the premises upon which its hospital is located in the city of Minneapolis. It entered into a contract with defendant Kent Engineering Company (hereinafter called Kent) for

---

[1]Reported in 45 N. W. (2d) 709.

the installation of a new generator and boiler in its hospital. Kent subcontracted part of the work to plaintiff. Pursuant to its subcontract, plaintiff furnished and installed certain electrical materials, wiring, and devices in connection with said installation, including a generator switchboard and motors and controls for the new boiler. The last item of labor and materials furnished by plaintiff toward this improvement was on October 8, 1947. The reasonable value of the labor and materials so furnished by plaintiff amounted to $10,983.90. Kent paid plaintiff only $1,000, leaving a balance of $9,983.90 due plaintiff therefor.

On October 23, 1947, plaintiff filed a proper mechanic's lien statement with the registrar of titles against the property it had improved. On September 30, 1948, appropriate proceedings were instituted by plaintiff to foreclose and enforce its mechanic's lien. After trial of the foreclosure action, the trial court made findings and conclusions in favor of plaintiff and ordered that judgment of foreclosure be entered. A default money judgment was also ordered against the general contractor. The property owner alone appeals.

The sole question presented is whether a mechanic's lien statement filed by a subcontractor within 15 days after completion of his subcontract is ineffectual and invalid under M. S. A. 514.07.

Appellant takes the position that § 514.07 prohibits the filing of a mechanic's lien statement until at least 15 days have elapsed after the completion of the contract upon which the lien is based, and that plaintiff's lien is invalid and unenforceable because its lien statement was filed within 15 days after the completion of its subcontract.

Section 514.07 provides in part:

"* * * The owner, within 15 days after the completion of the contract, may require any person having a lien hereunder, by written request therefor, to furnish to him an itemized and verified account of his lien claim, the amount thereof, and his name and address; and *no action or other proceeding shall be com-*

*menced for the enforcement of such lien* until ten days after such statement is so furnished."[2]  (Italics supplied.)

The only provision of our lien law expressly governing the time within which lien statements must be filed appears in § 514.08.[3]  Its provisions are plain and explicit: "The lien shall cease at the end of 90 days after doing the last of such work, or furnishing the last item of such skill, material, or machinery, *unless within such period a statement of the claim therefor,* be filed for record * * *." (Italics supplied.)  Section 514.08 expressly authorizes the filing of a lien statement at any time within 90 days after the lien claimant has contributed his last item of labor or material. See, Lamoreaux v. Andersch, 128 Minn. 261, 269, 150 N. W. 908, 912, L. R. A. 1915D, 204; A. Y. McDonald Mfg. Co. v. Lima, 187 Minn. 240, 242, 244 N. W. 804, 805.

Prior to 1905, a "contractor" was expressly prohibited by L. 1899, c. 277, from filing a mechanic's lien statement prior to the expiration of 15 days from the completion of his contract. Clark v. Anderson, 88 Minn. 200, 92 N. W. 964. However, this prohibition was omitted in the revision of our laws in 1905. See, R. L. 1905, § 3510. The statutory language quoted from § 514.07 has been the same ever since the 1905 revision. Likewise, the provisions of § 514.08 prescribing the time within which a lien statement can be filed have remained the same for more than 45 years. See, R. L. 1905, § 3511.

Sections 514.07 and 514.08 were reënacted in their present form when our revised statutes (M. S. A.) were adopted in 1945. The filing of lien statements has been governed exclusively by § 514.08 since 1905.

As stated by this court in In re Estate of Cravens, 177 Minn.

[2]Since a consideration of whether the foregoing limitation is applicable to subcontractors is not necessary to our determination of this appeal, we will assume for this opinion that plaintiff was subject to the limitations imposed thereby.

[3]In addition, § 514.05 authorizes a contractor to file a notice of lien prior to his doing any work or furnishing any material under his contract.

437, 440, 225 N. W. 398, 399: "In re-enacting a statute, intention to change meaning may as clearly appear from the omission of old as by adding new language." Moreover, where the meaning of a revised statute is free from ambiguity, the prior law cannot be resorted to for the purpose of creating ambiguity. The change in the prior law, when clear and unambiguous, must be given full effect. Champ v. Brown, 197 Minn. 49, 266 N. W. 94; State v. Stroschein, 99 Minn. 248, 109 N. W. 235. See, Rice v. City of St. Paul, 208 Minn. 509, 295 N. W. 529. ˙

Appellant contends, however, that the express prohibition against filing of lien statements by contractors for 15 days contained in the 1899 lien law, which was applied in Clark v. Anderson, *supra,* has continued as a part of our mechanic's lien law to this day. Appellant maintains that the filing of a lien statement of record is the commencement of proceedings "for the enforcement of such lien" within the meaning of § 514.07. Consequently, it argues that under the present law contractors and subcontractors are prohibited by § 514.07 from filing lien statements of record at least during the first 15 days of the 90-day period authorized by § 514.08.

We find no merit in appellant's contentions. The filing of a mechanic's lien statement of record under § 514.08 is merely the means of preserving and perfecting the lien claim. See, Bardwell v. Mann, 46 Minn. 285, 286, 48 N. W. 1120, 1121. It operates as notice to all interested parties of the existence of the lien. See, N. W. C. & C. Pavement Co. v. Norwegian-Danish E. L. A. Seminary, 43 Minn. 449, 451, 45 N. W. 868, 869; Rugg v. Hoover, 28 Minn. 404, 407, 10 N. W. 473, 474. It is not the commencement of an action or proceeding to enforce the lien within the meaning of § 514.07. Hill v. Lovell, 47 Minn. 293, 50 N. W. 81; N. W. C. & C. Pavement Co. v. Norwegian-Danish E. L. A. Seminary, *supra.* Cf. State v. Nelson, 189 Minn. 87, 89, 248 N. W. 751, 752. The "action or other proceeding * * * for the enforcement of such lien" referred to in § 514.07 means the statutory

action and proceedings provided by §§ 514.10 to 514.12 for the foreclosure and enforcement of mechanic's liens.

In our opinion, the legislative intent clearly appears here. There is no room for construction. § 645.16. See, State ex rel. Bergin v. Washburn, 224 Minn. 269, 28 N. W. (2d) 652; Wenger v. Wenger, 200 Minn. 436, 274 N. W. 517. It follows that plaintiff's lien is valid and enforceable, and the order of the trial court should be affirmed.

Affirmed.