## VILLAGE OF TONKA BAY v. COMMISSIONER OF TAXATION.[1]

April 9, 1954.

No. 36,164.

[1]Reported in 64 N. W. (2d) 3.

*William F. Kelly,* for relator.

*J. A. A. Burnquist,* Attorney General, *Joseph S. Abdnor,* Assistant Attorney General, for respondent.

CHRISTIANSON, JUSTICE.

Certiorari to the board of tax appeals to review an order dismissing relator's appeal from an order of the state board of equalization for lack of jurisdiction.

On November 6, 1952, respondent, commissioner of taxation, sitting as the state board of equalization, held a hearing to consider, among others, real estate assessments within the Village of Tonka Bay, Hennepin county. On November 15, 1952, the record of the proceedings of the state board of equalization, hereinafter referred to as the board, was certified to the Hennepin county auditor by the commissioner of taxation, hereinafter referred to as the commissioner.[2] Among other things, the board had increased the true and full valuation of all real estate located within the Village of Tonka Bay by 50 percent. Subsequently, the Village of Tonka Bay appealed to the board of tax appeals alleging in part that the increase was contrary to law. The commissioner moved to dismiss the appeal on the ground that there is no statutory authority for an appeal to the board of tax appeals from the proceedings of the board or, in the alternative, on the ground that relator was neither directly nor indirectly interested in or affected by said order. The board of tax

---

[2]M. S. A. 270.13 provides in part as follows:

"A record of all proceedings of the commissioner of taxation affecting any change in the assessed valuation of any property, as revised by the state board of equalization, shall be kept by the commissioner of taxation and a copy thereof, duly certified, shall be mailed to the auditor of each county wherein such property is situated, on or before November fifteenth each year."

appeals held that the order in question was not an official order of the commissioner and dismissed the appeal for lack of jurisdiction.

Relator contends that the board of tax appeals erred in dismissing its appeal for lack of jurisdiction. The jurisdiction of the board of tax appeals is prescribed by M. S. A. 271.06, subd. 1, which provides as follows:

"Except as otherwise provided by law, an appeal to the board may be taken, in the manner herein provided, *from any official order of the commissioner of taxation* respecting any tax, fee, or assessment, or any matter pertaining thereto, by any person directly interested therein or affected thereby, or by any political subdivision of the state, directly or indirectly, interested therein or affected thereby, or by the attorney general in behalf of the state, or by any resident taxpayer of the state in behalf of the state in case the attorney general, upon request, shall refuse to appeal." (Italics supplied.)

Thus the issue before us is whether the order in question is an official order of the commissioner.

Relator argues that the record of the proceedings of the board became an official order of the commissioner when in the course of his statutory duties the commissioner distributed certified copies of the record. However, the order in question was effective because it was the determination of the board and not because it was authenticated by the commissioner. The commissioner, as such, had neither control over the contents of the order nor discretion with respect to certification. We conclude that the mechanical act of certification is insufficient to transform an order of the board into an official order of the commissioner for purposes of § 271.06, subd. 1.

Relator argues that the state board of equalization was abolished in 1909 by L. 1907, c. 408. The commissioner maintains that since §§ 270.11 and 270.12 of the Minnesota Revised Statutes of 1945 are clear and unambiguous, resort cannot be had to the history of these laws for the purpose of creating an ambiguity therein. It is a well-established rule that where the language of a revised statute is clear and unambiguous, there is no room for construction or interpretation and prior statutes may not be referred to for the purpose of

creating an ambiguity.[3] Sections 270.11 and 270.12, which have not been amended since 1945, provide in part as follows:

§ 270.11, subd. 1. "The commissioner of taxation shall have and exercise all the rights, powers and authority by law vested in the state board of equalization, *which board of equalization is hereby continued,* with full power and authority to review, modify, and revise all of the acts and proceedings of the commissioner in so far as they relate to the equalization and valuation of property assessed for taxation, as prescribed by section 270.12, which state board of equalization shall meet on the second Tuesday in September of each year during its existence." (Italics supplied.)

§ 270.12. "The commissioner of taxation shall constitute the state board of equalization. The board may adjourn from day to day and employ necessary clerical assistance. The board shall meet annually on the first Tuesday of September at the office of the commissioner of taxation and examine and compare the returns of the assessment of the property in the several counties, and equalize the same so that all the taxable property in the state shall be assessed at its true and full value, subject to the following rules: * * *."

In view of these sections, the separate and distinct existence of the board is not open to doubt. This being so, we can neither ignore the distinction between the board and the commissioner nor assume that the legislature was unaware of it when they provided that appeals could be taken from "any official order of the commissioner of taxation." Cf. General Custer Min. Co. v. Van Camp, 2 Idaho 40, 3 P. 22.

Relator relies on Village of Aurora v. Commr. of Taxation, 217 Minn. 64, 14 N. W. (2d) 292, where both this court and the board of tax appeals assumed that they were reviewing an order of the commissioner of taxation functioning as the board. But upon close examination of the opinions, it is clear that both this court and the board of tax appeals were misled, for the commissioner was neces-

---

[3]Sterling Elec. Co. v. Kent, 233 Minn. 31, 45 N. W. (2d) 709; Welscher v. Myhre, 231 Minn. 33, 42 N. W. (2d) 311; State v. Stroschein, 99 Minn. 248, 109 N. W. 235; see, 6 Dunnell, Dig. & Supp. § 8961.

sarily acting in his capacity as commissioner since the case involved a reduction in the assessed valuation of a corporation's real estate. Section 270.12(7) expressly denies the board the power to reduce any such assessment below the valuation placed by the county board of equalization, while § 270.11, subd. 6, expressly grants this power to the commissioner. Moreover, the court in that case was not confronted with the issue raised in the instant case. For these reasons, we do not regard this case as controlling.

We are aware that the general grant of power to the commissioner in § 270.11, subd. 6, is broad enough to authorize the commissioner to issue orders identical to those which can be issued by the board and that, therefore, the commissioner by determining in which capacity to issue an order determines its appealability. While the propriety of allowing the deciding officer to determine subjectively the appealability of his own orders in this manner is somewhat questionable, this is a matter for legislative consideration and action.

For the foregoing reasons, the order of the board of tax appeals dismissing relator's appeal should be affirmed.

Affirmed.

THOMAS GALLAGHER, JUSTICE (dissenting).

I am of the opinion that relator had the right to appeal to the board of tax appeals from the order of the commissioner of taxation increasing the true and full value of all real estate within its limits. This seems to have been definitely determined in Village of Aurora v. Commr. of Taxation, 217 Minn. 64, 66, 14 N. W. (2d) 292, 296, where we stated:

"Pursuant to statute, the commissioner of taxation, hereinafter referred to as the commissioner, functioning as the board of equalization to consider the equalization of certain iron ore properties, was requested to make a revaluation thereof for the purpose of lowering the assessment."

Contending that the revaluations subsequently made by the commissioner were inadequate, the municipality appealed to the board of tax appeals (217 Minn. 68, 14 N. W. [2d] 297) "from that 'order

and decision \* \* \* equalizing and fixing the assessed valuation of the \* \* \* property, included in said order.' " In denying a motion to dismiss the appeal, we held (217 Minn. 76, 14 N. W. [2d] 300):

"\* \* \* that the municipalities had a right to appeal to the board under the 1939 act, and the motion to dismiss the appeal on the ground that it should have been taken directly to this court under the 1931 act was properly denied."

It seems clear from the language quoted that we are committed to the rule that an order of the commissioner of taxation, functioning as the board of equalization, in a matter relating to valuations for assessments is appealable under M. S. A. 271.06, subd. 1, which provides:

"\* \* \* an appeal to the board may be taken \* \* \* from any official order of the commissioner of taxation respecting any tax, fee, or assessment, or any matter pertaining thereto, by any person directly interested therein or affected thereby, or by any political subdivision of the state, directly or indirectly, interested therein or affected thereby, \* \* \*."