COMMISSIONER OF TAXATION v.
CROW WING COUNTY.

144 N. W. (2d) 717.

August 19, 1966—No. 39,844.

*Carl E. Erickson,* County Attorney, for relator.

*Robert W. Mattson,* Attorney General, and *Jerome J. Sicora,* Assistant Attorney General, for respondent.

SHERAN, JUSTICE.

Certiorari to review an order of the Tax Court.

The commissioner of taxation is authorized under Minn. St. 270.11, subd. 1, and 270.12[1] to act as the state board of equalization. In so doing he performs some of the same functions that he has authority to perform as commissioner under § 270.11, subd. 6.[2]

On November 13, 1964, the commissioner, acting as the state board of equalization, made an order which so far as is relevant here in-

---

[1] Minn. St. 270.11, subd. 1, provides: "The commissioner of taxation shall have and exercise all the rights, powers and authority by law vested in the state board of equalization, which board of equalization is hereby continued, with full power and authority to review, modify, and revise all of the acts and proceedings of the commissioner in so far as they relate to the equalization and valuation of property assessed for taxation, as prescribed by section 270.12, which state board of equalization shall meet on the second Tuesday in September of each year during its existence."

Minn. St. 270.12 provides in part: "The commissioner of taxation shall constitute the state board of equalization. The board may adjourn from day to day and employ necessary clerical assistance. The board shall meet annually on the first Tuesday of September at the office of the commissioner of taxation and examine and compare the returns of the assessment of the property in the several counties, and equalize the same so that all the taxable property in the state shall be assessed at its true and full value * * *."

[2] Minn. St. 270.11, subd. 6, provides: "The commissioner of taxation shall raise or lower the assessed valuation of any real or personal property, including the power to raise or lower the assessed valuation of the real or personal property of any individual, copartnership, company, association, or corporation; provided, that before any such assessment against the property of any individual, copartnership, company, association, or corporation is so raised, notice of his intention to raise such assessed valuation and of the time and place at which a hearing thereon will be held shall be given to such

creased by 10 percent the assessed valuations of all buildings except public utility property in a number of assessment districts in Crow Wing County. The county appealed to the Board of Tax Appeals (now designated Tax Court), contending that this increase in assessed valuation was arbitrary and capricious and resulted in an overvaluation.

The commissioner moved to strike this portion of the appeal as being outside of the jurisdiction of the Tax Court. The motion was granted because of our decision in Village of Tonka Bay v. Commr. of Taxation, 242 Minn. 23, 64 N. W. (2d) 3.

There we said that an order of the commissioner, sitting as the board of equalization, increasing the valuation of all real estate located within the village was not an "official order of the commissioner of taxation." As a result we held the order was not appealable to the Board of Tax Appeals, its jurisdiction being limited under § 271.06, subd. 1, to appeals—

"* * * from any official order of the commissioner of taxation respecting any tax, fee, or assessment, or any matter pertaining thereto, by any person directly interested therein or affected thereby, or by any political subdivision of the state, directly or indirectly, interested therein or affected thereby,* * *."

We recognized that this construction of the statute allowed the commissioner to determine subjectively the appealability of his order merely by deciding the capacity in which he would issue it, but said that this incongruity was a matter for legislative consideration and action.

Since the legislature has not responded to this suggestion, Crow Wing County asks us to overrule the Village of Tonka Bay decision because of the inequity that results from the possession by a single administrator of the power to deny access to review of his own orders.

We recognize that serious questions of due process and equal pro-

person, by mail, addressed to him at his place of residence as the same appears upon the assessment book, at least five days before the day of such hearing."

tection might be presented by the application of our Village of Tonka Bay decision to an appeal by taxpayers from an order such as the present one. In such a case it could be argued that the denial of an appeal to the Tax Court gives the commissioner the power for all practical purposes to prevent judicial review of his order merely by designating the capacity in which he made it.[3] Of course, the taxpayer has another remedy to obtain review. He can petition the district court for relief under § 278.01.[4] But this remedy may be illusory where the increase in the assessment upon the tax liability of an individual landowner is too slight to justify the cost of individual action.

This argument has been made before in connection with what appears to be a continuous effort to discover a practical and satisfactory means of reviewing changes in assessments. We have denied the right to seek a review of the fairness or equality of an assessment by an action to enjoin the collection of the tax;[5] as a defense under § 279.15 to delinquent tax proceedings;[6] by a representative action

---

[3] For general discussion of the due process consideration in regard to the availability of judicial review of administrative decisions, see 4 Davis, Administrative Law, §§ 28.18 to 28.20.

[4] Minn. St. 278.01 provides: "Any person having any estate, right, title, or interest in or lien upon any parcel of land, who claims that such property has been partially, unfairly, or unequally assessed, or that such parcel has been assessed at a valuation greater than its real or actual value, * * * may have the validity of his claim, defense, or objection determined by the district court of the county in which the tax is levied by serving copies of a petition for such determination upon the county auditor, county treasurer, and the county attorney and filing the same, with proof of such service, in the office of the clerk of the district court on or before the first day of June of the year in which such tax becomes payable."

[5] See, Rosso v. Village of Brooklyn Center, 214 Minn. 364, 8 N. W. (2d) 219.

[6] See, State v. Elam, 250 Minn. 274, 84 N. W. (2d) 227.

Minn. St. 279.15 provides in part: "Any person having any estate, right, title, or interest in, or lien upon, any parcel of land embraced in such list as published, within 20 days after the last publication of the notice, may file with the clerk of the district court an answer, verified as a pleading in a civil action, setting forth his defense or objection to the tax or penalty against such parcel of land."

under § 275.26;[7] and by a declaratory judgment action under § 555.01,[8] in each case holding that the remedy under § 278.01 is adequate and precludes the others. Similarly, in Village of Edina v. Joseph, 264 Minn. 84, 119 N. W. (2d) 809, we held that a class suit was not available in a proceeding under § 429.081[9] to review special assessments for local improvements.

However, we need not decide the constitutional problems nor re-examine the soundness of the Village of Tonka Bay decision here. We hold that Crow Wing County is not directly or indirectly interested in the present order within the meaning of § 271.06, subd. 1, and thus does not have standing to appeal from it. In our view the interest required to give standing to a political subdivision must be one predicated upon some adverse effect upon the governmental unit. The county government is not adversely affected by increases in assessed valuations since this increases the revenue of the county. The county is not a proper party to represent the taxpayers in this situation because of its conflicting interests and duties. If a judgment were obtained by the county, it could not be binding on the landowners. While it would

---

[7] See, Fichtner v. Schiller, 271 Minn. 263, 135 N. W. (2d) 877.

Minn. St. 275.26 provides in part: "When any county board shall levy taxes for any purpose in excess of the amount allowed by law, any taxpayer thereby affected, for himself and all other interested taxpayers in the county, may bring an action against the treasurer, the auditor, and the board of such county, to enjoin the collection of such taxes, and for an order requiring the defendants, or either of them, to correct the levy, and for such other order as may be proper for the correction and adjustment of such taxes and levy, notwithstanding that such taxpayers have a speedy and adequate remedy in the ordinary course of law."

[8] See, Fichtner v. Schiller, supra, and Land O' Lakes Dairy Co. v. Village of Sebeka, 225 Minn. 540, 31 N. W. (2d) 660, certiorari denied, 334 U. S. 844, 68 S. Ct. 1513, 92 L. ed. 1768.

Minn. St. 555.01 provides in part: "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

[9] Minn. St. 429.081 provides in part: "Within 20 days after the adoption of the assessment, any person aggrieved may appeal to the district court by serving a notice upon the mayor or clerk of the municipality."

be desirable to test the order involved in a single proceeding, since it was made on a general rather than an individual basis, appeal by the county is not a permissible procedure for achieving that result.

Affirmed.