INDEPENDENT SCHOOL DISTRICT NO. 99, CARLTON
COUNTY, AND ANOTHER v. COMMISSIONER OF
TAXATION.
MINNESOTA POWER & LIGHT COMPANY, INTERVENOR.

165 N. W. (2d) 250.

February 21, 1969—No. 40628.

*James E. Knutson, Peter S. Popovich, Peterson & Popovich, Lawrence Yetka, Yetka & Newby,* and *Donald Diesen,* for appellants.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *Don G. Paterick,* Special Assistant Attorney General, for respondent commissioner.

*Sullivan, McMillan, Hanft & Hastings* and *Donald D. Harries,* for respondent intervenor.

PETERSON, JUSTICE.

Petitioners, Independent School District No. 99 and Thomson Township, both of Carlton County, seek to contest a 1964 order of the commissioner of taxation reducing the assessed valuation of certain property of intervenor, Minnesota Power and Light Company, situated in that county.

The commissioner of taxation has dual functions in assessment matters, the same person sitting as commissioner of taxation for some statutory functions and sitting as the state board of equalization for others.[1] The commissioner himself in a sense decides which seat he will take,[2] but the statutes delimit his authority to order an increase or decrease in assessments according to the seat taken[3] and, by the same token, determine the method for judicial review of such order.[4] The determinative issue derived from this dichotomy in the instant case is whether the district court could find, as it did under the evidence of record, that in ordering a reduction of the assessed valuation of intervenor's property the commissioner acted in his capacity as commissioner of taxation rather than as the state board of equalization.[5]

---

[1] See, Minn. St. 270.11, subd. 1, and 270.12.

[2] See, Village of Tonka Bay v. Commr. of Taxation, 242 Minn. 23, 64 N. W. (2d) 3; Commr. of Taxation v. Crow Wing County, 275 Minn. 9, 144 N. W. (2d) 717.

[3] The *commissioner*, pursuant to § 270.11, subd. 6, has "the power to *raise or lower* the assessed valuation of the real or personal property of any individual, copartnership, company, association, or corporation." (Italics supplied.) The statutes grant the *board of equalization* powers to equalize property values, including the power to *increase* the assessments of individuals, firms, or corporations above the amounts returned by the county board of equalization, but § 270.12(7) expressly provides that "[t]he board *shall not decrease* any such assessment below the valuation placed by the county board of equalization." (Italics supplied.)

[4] An order of the commissioner of taxation, acting in that capacity, is reviewable by appeal to the Tax Court, as provided in §§ 271.06 and 271.09; an order of the board of equalization is not.

[5] Petitioners made a petition for review under the Administrative Procedures Act and, in the alternative, a petition for writ of certiorari in the event the petition for review was inappropriate. The district court made its

The proceedings culminating in the order of reduction were, from their inception, actions which only the commissioner of taxation, acting as such, could consider and decide. First, the proceedings were initiated by intervenor's petition that the assessed value of its described property "be reduced from the county board assessed value" under the commissioner's statewide equalization program for utility properties. Second, the commissioner acknowledged that this request for reduction was made "under the authority vested in him by Minnesota Statutes, Section 270.11, Subdivision 6," and he scheduled a hearing "for the consideration of the petition under the provisions of Minnesota Statutes, Section 270.19." Third, a hearing was thereafter held before the commissioner of taxation,[6] who expressly stated the hearing was held to consider inter-

order dismissing the petition for review and quashing the writ of certiorari, and this appeal is from that order.

Petitioners state the basic issue at the outset of their briefed argument as follows: "The question before the trial court did not involve necessarily the merits of either the petition for review under the Administrative Procedures Act or the writ of certiorari. The motion for dismissal does not necessarily involve the question of whether or not the Commissioner of Taxation, sitting as the State Board of Equalization, did, in fact, exceed his jurisdiction. *The question is merely whether according to the evidence and according to the record available the Commissioner was, in fact, in his judgment sitting as the State Board of Equalization whether correctly or incorrectly.* The acts and performance of the Commissioner of Taxation, sitting as the State Board of Equalization, are not at issue now. * * * The facts presented show that the determination reducing the assessed valuation was made by the State Board of Equalization." (Italics supplied.)

This controlling issue has been accompanied, however, by additional argument that the order of the commissioner, *acting in either capacity,* is reviewable by the district court. If the district court could find, as it did, that the commissioner acted in his capacity as commissioner of taxation only, there is of course no viable issue as to judicial review of action by the board of equalization. The statute, in § 271.09, plainly states that the right of appeal to the Tax Court "shall be the exclusive remedy for reviewing the action of the commissioner of taxation respecting any tax, assessment, or other obligation," with the right of appeal to this court pursuant to § 271.10, subd. 1.

[6] The superintendent and attorney for petitioner Independent School

venor's petition "that the Commissioner of Taxation reduce the 1964 assessment of [intervenor's described] real estate." Fourth, an official order reducing the assessed valuation of intervenor's property was issued in writing and signed by the commissioner of taxation.

Petitioners contend that in the final act of making the order the commissioner had decided to act as the state board of equalization because his order was incorporated in a document entitled "RECORD OF PROCEEDINGS OF STATE BOARD OF EQUALIZATION AFFECTING CHANGES IN VALUATION OF REAL AND PERSONAL PROPERTY." [7] Despite its title, however, the document actually reflects the dual capacities of the commissioner of taxation in the assessment of property valuation for tax purposes, as best we can understand these singular statutes. It is certified by the secretary of the Department of Taxation "pursuant to Minnesota Statutes, Section 270.13, * * * [as] a true and official copy of *all* changes in assessments of real and personal property in the County of Carlton * * * as determined by the Commissioner of Taxation *and* revised by the State Board of Equalization." (Italics supplied.) An order

District personally appeared at the hearing, and both petitioners filed written protests against the requested reduction because it would result in an erosion of petitioners' tax base. We are advised on oral argument that appeals to the Tax Court by these petitioners are presently pending with respect to similar assessments of intervenor's property in other years. The fact that such action was taken by the commissioner in his capacity as commissioner of taxation apparently has not been challenged in those cases.

[7] An affidavit of petitioners' counsel asserts that the commissioner had stated in a conversation with the affiant in December 1965, subsequent to the issuance of the challenged order, that "the petitioners have no recourse since I, the Commissioner of Taxation, rendered my decision as the Board of Equalization," but any conversation on this subject at that time was denied by the commissioner. At oral argument the affiant counsel indicated that the date in the affidavit should have read "1964," which the commissioner has had no opportunity to affirm or deny. Regardless of the fact of such conversation in either year, we think it too slender a reed with which to refute the otherwise undisputed evidence concerning the commissioner's action. It seems doubtful that counsel, experienced in these matters, would have based petitioners' course of appeal simply in reliance upon this cryptic and after-the-event comment attributed to the commissioner.

of reduction by the commissioner is not subject to approval or revision by the state board of equalization. Actions of the state board of equalization, on the other hand, are incorporated by the commissioner in his order, set forth in this document, that the county assessor is "to enter upon the assessment rolls of your County the changes in valuation * * * as the same are set forth in the foregoing certificate [of the secretary of the Tax Department]." This document, then, notwithstanding the impression its title may convey, incorporates with property assessments revised by the board of equalization other matters unrelated to the actions of that board, that is, reduced assessments ordered by the commissioner. A single document apparently is used merely for the convenience of a single compilation and transmittal to the county auditor pursuant to § 270.13.

The determination that the commissioner of taxation in fact acted in his authorized capacity is supported by established principles of law. His acts are prima facie valid by the terms of § 270.11, and they should not be adjudged void when an adequate authorization exists to validate his actions. As stated in Village of Tonka Bay v. Commr. of Taxation, 242 Minn. 23, 26, 64 N. W. (2d) 3, 6, "the commissioner was necessarily acting in his capacity as commissioner since the case involved a reduction in the assessed valuation of a corporation's real estate." The evidence of record, together with this principle of law, so substantially supports the order of the trial court that affirmance is required.

Affirmed.

Mr. Chief Justice Knutson took no part in the consideration or decision of this case.