# CITY OF MARSHALL AND ANOTHER v. PUBLIC EMPLOYEES RETIREMENT ASSOCIATION AND ANOTHER.

246 N. W. 2d 572.

October 15, 1976—No. 45875.

*Catlin & Bot* and *Glenn Catlin*, for appellants.

*Warren Spannaus*, Attorney General, *Peter W. Sipkins*, Solicitor General, and *Merwin Peterson*, Assistant Attorney General, for respondents.

Heard before Peterson, MacLaughlin, and Scott, JJ., and considered and decided by the court en banc.

PETERSON, JUSTICE.

The city of Marshall and Ronald L. Jensen, a taxpayer, appeal from the district court's refusal to enjoin defendant, Public Employees Retirement Association (PERA), from certifying to the county auditor of Lyon County, pursuant to Minn. St. 353.28, subd. 6, that employer contributions in the amount of $34,296.88 plus interest are due PERA from the city. We affirm.

The city of Marshall, because it owns and operates the Louis Weiner Memorial Hospital and Nursing Home, is required by Minn. St. 353.27 to make contributions to the Public Employees Retirement Fund with respect to its hospital and nursing home employees. Minn. St. 353.28, subd. 6, provides that if a governmental subdivision such as the city of Marshall fails to pay amounts due under c. 353, the secretary of PERA shall certify such amounts to the governmental subdivision for payment. If the governmental subdivision still fails to remit the sum so due, the statute provides that the secretary may certify such amounts to the county auditor for collection. Upon receipt of this certification the county auditor is required by the statute to collect such amounts out of the revenue of the governmental subdivision or add them to the tax levy of the governmental subdivision and make payments directly to PERA.

In 1968, PERA requested for auditing purposes the city's payrolls for the hospital and nursing home for the period from July 1, 1956, through June 30, 1967. The city furnished some of its payroll lists, but as of 1974 had not furnished all of them. PERA agents notified the city that their audit showed a deficit in employer contributions of $34,776.56 plus interest, but after further communications between city officials and PERA this was corrected to $34,296.88. After still further discussion between the city and PERA, on August 22, 1974, PERA notified the city that unless it heard from the city within a week it would certify this amount to the county auditor for inclusion in the next tax levy. The city brought this suit against PERA for injunctive and declaratory relief, and Ronald L. Jensen, administrator of the hos-

pital and nursing home, was subsequently joined as a plaintiff in his capacity as a taxpayer of the city of Marshall. The district court granted PERA's motion for judgment on the pleadings or for summary judgment, and plaintiffs appealed to this court.

PERA argues that plaintiffs are estopped from challenging PERA's determination of liability because the city in some 3 years of communicating and negotiating never requested a hearing before PERA. Our attention has not been drawn to any rules of PERA or to any other reason which would impel the city to initiate its formal challenge any earlier than it did, however, and therefore we conclude plaintiffs are not estopped from raising the issue at this time. Corbin v. Commr. of Revenue, 307 Minn. 237, 245, 240 N. W. 2d 809, 814 (1976).

During a portion of the period in question, Minn. St. 1971, § 353.28, subd. 2, was in force, although it has since been repealed. This subdivision directed PERA to determine and certify amounts due annually and not later than September 30 of each year.[1] Clearly the legislature contemplated that PERA would certify within 1 year and would not permit a contributing employer to become far in arrears in its required contributions. The legislature did not, however, specify in express terms what consequence was to attend the failure of PERA to make a prompt certification.

Two interests compete when a governmental unit is discovered to be far in arrears in its employer contributions. On the one hand, if the amount of contributions owing is extremely large,

---

[1] Minn. St. 1971, § 353.28, subd. 2, provided: "Not later than September 30 of each year beginning with 1957, the total amount due from each governmental subdivision in respect of employment on or before the immediately preceding June 30, including interest, if any, which was due and payable on that date, or is expected to become due and payable before payment is made to the board of trustees, shall be determined by the board of trustees and certified in duplicate by the secretary or an authorized officer of the board to each auditor of each county whose responsibility it is to furnish one copy to each governmental subdivision within the confines of his county."

it could be somewhat onerous for the citizens of that governmental entity to pay the entire sum in the levy of a single tax year. On the other hand, however, failure to make the required contributions would jeopardize the actuarial soundness of the PERA fund. We construe the statute to have intended a balancing of these two competing interests, and in the circumstances presented by the facts in this case the actuarial soundness of the PERA fund is the predominant of the two.

PERA challenges plaintiffs' standing to raise, as their principal issue, the question of whether, because the city has not had a hearing on the matter, the certification, collection, and payment to PERA of the amount PERA claims is due to it would violate the due process clause of the Fourteenth Amendment. Upon certification by PERA, the county auditor's duty to include the certified amount in the next tax levy and make payment directly to PERA is ministerial in nature. In State ex rel. Clinton Falls Nursery Co. v. County of Steele, 181 Minn. 427, 232 N. W. 737 (1930), we said the better doctrine is that an official charged with the performance of a ministerial duty will not be allowed to question the constitutionality of the statute which creates his duty, unless the rights of the state or the public interest are involved. We held in that case that a county board lacked standing to challenge the constitutionality of a statute, the enforcement of which would cause it no injury. Later, in Mower County Bd. v. Board of Trustees of PERA, 271 Minn. 505, 136 N. W. 2d 671 (1965), we extended the doctrine when the Mower County Board of Commissioners sought to challenge the constitutionality of a statute which imposed a ministerial duty not upon the members of the board themselves, but upon the county auditor. Other examples of cases applying this rule include Village of Burnsville v. Onischuk, 301 Minn. 137, 222 N. W. 2d 523 (1974); Commr. of Taxation v. Crow Wing County, 275 Minn. 9, 144 N. W. 2d 717 (1966); and Bricelyn School Dist. v. Board of County Commrs. 238 Minn. 63, 55 N. W. 2d 602 (1952). Exceptions to the rule have also been frequent, however. See, Minne-

sota State Bd. of Health v. City of Brainerd, 308 Minn. 24, 241 N. W. 2d 624 (1976); Blue Earth County Welfare Dept. v. Cabellero, 302 Minn. 329, 225 N. W. 2d 373 (1974); Port Authority of City of St. Paul v. Fisher, 269 Minn. 276, 132 N. W. 2d 183 (1964); and Loew v. Hagerle Brothers, 226 Minn. 485, 33 N. W. 2d 598 (1948). In Blue Earth County Welfare Dept. v. Cabellero, *supra,* we recognized that our application of the rule in cases since the Clinton Falls Nursery Co. case has been somewhat inconsistent and decided that the application of the rule was sufficiently doubtful that the doubt should be resolved in favor of a decision on the merits. Accordingly, in Cabellero we recognized the standing of a state agency to challenge the constitutionality of a statute. For the same reasons enunicated in that case and in Minnesota State Bd. of Health v. City of Brainerd, *supra,* we now recognize standing in the city in the case at bar. Although the standing of plaintiff Jensen as taxpayer is fraught with similar problems, we also recognize his standing in the case at bar for the same reasons expressed in Village of Burnsville v. Onischuk, *supra.*

We reject on its merits, however, plaintiffs' constitutional claim. As a governmental subdivision of the state, the city is not a "person" within the meaning of the due process clause. It therefore has no constitutional right to a hearing before being deprived of property by the state. Minnesota State Bd. of Health v. City of Brainerd, *supra.* Similarly, we know of no authority construing the due process clause so broadly as to give a taxpayer, such as plaintiff Jensen, a constitutional right to prevent the collection of a portion of his taxes until the agency at whose instance the taxes are to be collected affords a hearing, not to the taxpayer himself, but to a third entity, which in this case is the city.

In the district court PERA moved for judgment on the pleadings, but the affidavits filed reached beyond the pleadings and were not excluded by the district court. Accordingly, the motion was, pursuant to Rule 12.03, Rules of Civil Procedure, properly

treated as a motion for summary judgment and disposed of pursuant to Rule 56, Rules of Civil Procedure. Rule 56.03 provides that summary judgment shall be rendered if the relevant pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law. The pleadings and affidavits of PERA showed with great specificity that the city was the owner and operator of the hospital and nursing home, that for the period in question it employed certain named individuals, that it paid them certain salaries set forth in the affidavits, and that it failed to make the contributions called for by Minn. St. c. 353. If these facts are true, then barring any other facts which might state a defense to liability, the city is liable for the contributions that it failed to make as required by the statute, and PERA is entitled to judgment as a matter of law.

It appears from the pleadings and affidavits that there is no genuine issue whether the above facts are true. Rule 56.05 provides that when a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. The only place plaintiffs attack the facts set forth in the PERA moving papers is in their complaint, which alleges that the action of PERA is "without any foundation in fact." This is not a specific fact sufficient to show there is really any genuine issue whether the facts set out in the PERA affidavits are true. Accordingly, the district court properly concluded that judgment should be entered for PERA.

Affirmed.