COUNTY OF STEARNS *vs.* ST. CLOUD, MANKATO & AUSTIN RAILROAD
COMPANY.

February 16, 1887.

**Highway — Obstruction — Injunction.—** Notwithstanding the legal remedies for a public nuisance, such as the obstruction of a highway, equity will interpose by injunction in a proper case, especially where the nuisance is of a permanent nature.

**Same — Railway on County Road — Suit by County.—**A county may maintain an action to enjoin a railroad company from laying its railroad, without any lawful authority, along and in a county road in several towns.

Appeal by defendant from an order of the district court for Stearns county, *Collins,* J., presiding, overruling its demurrer to the complaint.

*R. B. Galusha* and *Searle & Lamb,* for appellant.

*Theo. Bruener,* for respondent.

DICKINSON, J. By demurrer to the complaint, the question is presented whether an action may be prosecuted by a county, in proper form, through its board of county commissioners, to enjoin a railroad corporation from constructing and maintaining its railroad, without any lawful authority, for a distance of three miles along and through an established and travelled county road in two towns, so as to entirely destroy the road for the purposes for which it was established.

It is now well settled that, in addition to the purely legal remedies which may be resorted to in such cases, courts of equity will take jurisdiction of such public nuisances, and, in proper cases, afford relief by injunction, especially where the nuisance threatened or committed is of a nature to be permanent or continuous. Wood, Nuis. 888, and cases cited; 1 High, Inj. 816 *et seq.*

The only remaining question is whether the county, through its managing board, is a proper party to maintain such an action. The county has a special interest in the preservation of county roads, which should enable it to maintain proper preventive or remedial actions for the preservation and usefulness of the highway. Such highways are ordinarily laid out by the board of county commissioners, and, whether laid out by authority of the county or of the state, the damages incident to their location are paid by the county. If such a road is destroyed or rendered useless, and in consequence it becomes necessary to vacate it, and lay out a new road, the county board has the proper authority to do so, and the county would be chargeable with the expense. Such roads can only be changed or vacated by order of the county board; and that board is by statute charged with the duty of "general supervision of county roads," with power to appropriate the county funds for opening, vacating, resurveying, or otherwise improving the same. In view of this duty and interest, there should be implied the corresponding power to maintain such actions as may be appropriate to prevent or to abate a public nuisance destructive of the highway, or rendering it useless. *Hooksett* v. *Amoskeag Mfg. Co.*, 44 N. H. 105; *Town of Troy* v. *Cheshire R. Co.*, 23 N. H. 83, (55 Am. Dec. 177;) *Inhabitants of Springfield* v. *Connecticut River R. Co.*, 4 Cush. 63; *Easton & Amboy R. Co.* v. *Inhabitants of Greenwich*, 25 N. J. Eq. 565; *Rio Grande R. Co.* v. *City of Browns-*

*ville,* 45 Tex. 88; *City of Philadelphia* v. *Passenger Ry. Co.,* 8 Phila. 648. It may be that the supervisors of the several towns might prosecute several actions, but, if so, their right to do so is not exclusive; and one of the purposes which induces courts of equity to assume jurisdiction in such cases—to prevent a multiplicity of suits—will be accomplished, if, by one action prosecuted by the county, a complete remedy is afforded in respect to the whole line of road in the several towns.

Order affirmed.