JOHN HABERMANN AND ANOTHER v. MATHIAS ULLMAN.[1]

March 6, 1925.

No. 24,388.

**Temporary injunction proper.**
    1. Under the facts set out in the opinion, the trial court did not abuse its discretion in granting a temporary injunction.

**Grant of such relief for obstruction of private road proper.**
    2. The continuous obstruction of a private road justifies the granting of injunctive relief.

**No change of position by plaintiffs.**
    3. Plaintiffs did not shift from one ground to another in their application for an injunction.

*Headnote 1.   See Injunctions, 32 C. J. p. 29, § 11.
 Headnote 2.   See Private Roads, 32 Cyc. p. 384.
 Headnote 3.   See Private Roads, 32 Cyc. p. 384.

[1]Reported in 202 N. W. 484.

Action in the district court for Wright county to restrain defendant from obstructing a road. From an order, Tifft, J., granting a temporary restraining order, defendant appealed. Affirmed.

*Manahan, Sullivan & Hoogesteger*, for appellant.

*Whipple & Smith*, for respondents.

LEES, C.

Appeal from an order granting a temporary injunction requiring defendant to remove a fence and a barrier across a road and restraining him from further obstructing the road during the pendency of the action.

The complaint alleges that plaintiffs are the owners and occupants of a farm to which they have access over a private road on defendant's land which leads to a public highway. It is alleged that the road was acquired by plaintiffs' predecessors in interest by virtue of a grant from defendant's predecessor in interest; that for many years plaintiffs had traveled over the road without interruption; that defendant had recently obstructed travel in an attempt to deprive them of the use of the road; and that his acts have deprived them of access to their farm.

As a defense defendant pleaded a certain contract which recites that plaintiffs had a road over defendant's land, which was the source of much annoyance to defendant; that, in order to have it vacated, defendant was to convey to plaintiffs a strip of land two rods wide off the east end of his farm and construct a road thereon, which should be satisfactory to plaintiffs' attorney; that plaintiffs were to execute a quitclaim deed to defendant releasing their interest in the land occupied by their private road; and that defendant had performed the contract.

In opposition to the application for a temporary injunction, defendant submitted affidavits stating that he had constructed a road for plaintiffs over the two-rod strip of land; that it was suitable for travel, but that plaintiffs and their attorney, acting in bad faith, had not accepted it and had undertaken to get the town board to lay out and construct another road over defendant's farm; and that

plaintiffs had failed to construct a road over their land to connect with the road defendant had built for them.

In reply, plaintiffs submitted their affidavit stating that defendant had executed and deposited in escrow a deed to them of the strip of land in question and had partially built a road thereon, but it was not passable, and, when plaintiffs began to construct a road on their land to connect with the new road, defendant interfered in such a manner as to make it impossible for them to effect a junction of the two roads.

Enough has been said to make it manifest that there is a sharp dispute as to the facts. Defendant submitted many more affidavits than plaintiffs, but nevertheless the judge of the district court was at liberty to find that the statements made by plaintiffs were true, and, of course, this court cannot interfere in the absence of a showing of a clear abuse of discretion. Dunnell, Minn. Dig. § 4490.

It is urged that the complaint does not state facts sufficient to entitle plaintiffs to injunctive relief. The alleged invasion of their rights is of a continuous nature and cannot be adequately redressed by the payment of damages. It is a familiar rule of law that a court may enjoin continued or repeated trespasses, although each taken by itself would not be destructive of the freehold. Dunnell, Minn. Dig. § 4476.

By cutting off plaintiffs' access to their farm, defendant has inflicted as great and continuous an injury as would result from repeated trespasses upon the land, hence the case comes within the scope of the generally accepted rule that the enjoyment of an easement will be protected by injunction against obstructions, and that, if necessary, the court will go so far as to grant a mandatory injunction directing the removal of the obstruction. 9 R. C. L. 820, 821; 19 C. J. 992.

It can hardly be said that after commencing the action plaintiffs abandoned the position they took in their complaint. The contract set up in the answer was new matter pleaded by way of confession and avoidance. By admitting the execution of the contract and denying performance by defendant, plaintiffs did not shift their claim to relief to a new ground.

Order affirmed.