STATE v. NICK NELSON AND ANOTHER.[1]

May 12, 1933.

No. 29,390.

[1]Reported in 248 N. W. 751.

*Jenswold, Jenswold & Dahle,* for appellant.

*Harry H. Peterson,* Attorney General, *O. T. Bundlie,* Assistant Attorney General, and *John E. Katzmarek,* Special Assistant Attorney General, for the state.

*WILSON, Chief Justice.*

Defendant Nick Nelson appealed from an order granting plaintiff a temporary injunction and also from an order overruling his demurrer to the complaint, the latter order being certified as important and doubtful.

The controversy arises out of trunk highway No. 1 along the north shore of Lake Superior. This highway passes over land owned by appellant. The road is thereon constructed in the side of a stony or rock bluff, and is some 50 feet higher than the water in the near-by lake. The road is cut into the side of a rock hill, and the removed stone is filled in below between the level of the roadway and the water. The state claims the rock which it has so removed now forms part of the support for the roadway and is necessary for its protection and preservation. The complaint charged that appellant, within the limits of the highway, is and for some time has been removing large quantities of the rock filling from the embankment of the roadway within the limits of the highway and from the waters of Lake Superior, adjacent thereto, by means of dredges, barges, and other heavy machinery operated from the waters of the lake, and is thereby removing a substantial part of the support of the roadway. It is alleged that appellant's conduct involves drilling and the use of explosives, endangering the lives and property of persons traveling upon the highway. The appellant claims that he is operating southeasterly of the highway. The state claims that the highway over appellant's land embraces all land southeasterly of the center of the roadway and between such center and the water's edge. Appellant denies this. This question was in controversy upon the record and affidavits before the trial court. There is evidence to support the apparent conclusion that the state was right in this particular contention.

■ Upon such a record we cannot disturb the conclusion of the trial court that a temporary injunction should be granted. The granting of such an injunction lies largely in the discretion of the trial court. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 4490.

■ If this defendant's conduct is as claimed by the state, he is guilty of maintaining a public nuisance. 2 Mason Minn. St. 1927, § 10241. If so, he is guilty of a misdemeanor. 2 Mason Minn. St. 1927, § 10419; 3 & 5 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 4190, 7271.

Appellant argues that a criminal prosecution is the proper remedy for such alleged conduct and that, since the criminal procedure affords a plain, speedy, and adequate remedy at law, this action cannot be maintained. We think such contention is untenable. The fact that defendant's conduct is criminal is no bar to relief by an injunction to which plaintiff would otherwise be entitled. Campbell v. Motion Picture M. O. Union, 151 Minn. 220, 186 N. W. 781, 27 A. L. R. 631; Town of Linden v. Fischer, 154 Minn. 354, 191 N. W. 901; County of Stearns v. St. C. M. & A. R. Co. 36 Minn. 425, 32 N. W. 91; Township of Hutchinson v. Filk, 44 Minn. 536, 47 N. W. 255; 32 C. J. p. 277, § 440.

■ The owner of a fee in a highway can use it only in a way that is compatible with the public travel thereon. Town of King-hurst v. International Lbr. Co. 174 Minn. 305, 219 N. W. 172. The ownership of an easement for highway purposes is a sufficient title to support an application for an injunction. Habermann v. Ullman, 162 Minn. 210, 202 N. W. 484.

■ Appellant seeks to prevail on the ground that the state did not furnish a bond as required by 2 Mason Minn. St. 1927, § 9388; Independent Sch. Dist. No. 35 v. Oliver I. Min. Co. 169 Minn. 15, 23, 208 N. W. 952, 210 N. W. 856. But 2 Mason Minn. St. 1927, § 9692, provides that no bond need be given in any proceeding instituted in favor of the state. The word "proceeding" as here used means a course of procedure in an action in court. Speaking judicially, the word "proceeding" includes every proceeding before a competent court in the due course of the proper administration

of justice and which is to result in any determination. 1 C. J. p. 943, § 33. While the present action is an equitable one, there is now but one form of action in this state. True, the state cannot be sued, but it is to be presumed that it will pay any just claims that accrue against it in favor of any person.

For the reasons stated, the court was correct in overruling the demurrer.

Affirmed.

