ELVA M. GOODMAN v. ANCIENT ORDER OF UNITED WORKMEN AND OTHERS.
FRANCES SEXTON, APPELLANT.[1]

October 31, 1941.

No. 32,899.

[1]Reported in 300 N. W. 624.

*Earl H. A. Isensee,* for appellant.

*Oscar Hallam,* for respondent Ancient Order of United Workmen.

*Loring & Anderson,* for respondent L. J. Aspaas as receiver.

*C. O. Lundquist,* for respondent L. J. Aspaas as guardian of estate of Joseph Wandok, incompetent.

*Mark J. Woolley,* for respondents Apartment Owners Holding Company, The Tompaine Company, and A. R. Bakke.

JULIUS J. OLSON, JUSTICE.

This is a suit involving an apartment building in Minneapolis, a receiver of the property having been appointed who is acting in that capacity. One of the defendants was Joseph Wandok, an incompetent person, of whose estate the defendant Aspaas was the duly appointed and qualified guardian. During pendency of the suit Wandok died, and Frances Sexton, the appellant, was appointed special administratrix of his estate. Claiming that Wandok never had been served with summons in the main action, although his guardian had been duly served and appeared generally therein, she moved for an order "modifying or setting aside the previous orders of the court" appointing a receiver of the property,

including several orders subsequently made relating to the receivership, "insofar as said orders, and all of them, affect the interest" of said decedent's estate. The motion has for its basis that there never had been "any service" of process upon Wandok nor had "any proper appearance [been] made by him or in his behalf," hence that "the court was without jurisdiction to make any of the orders * * * affecting * * * his interests" in the property. The only showing made by appellant in support of the motion was the following statement in an affidavit made by one of decedent's sons—

"that during the entire month of June, 1939, Joseph Wandok, the above named defendant, was a resident of the state of Minnesota and was personally present in the state * * * and spent practically all of his time in either Delano, * * * or Minneapolis."

Upon the hearing of the motion, proof was offered and received that the summons and complaint had been duly served upon Wandok's guardian; that Wandok took a copy "of said summons and complaint" to the office of his guardian; that the guardian instructed Wandok to deliver the papers to his attorney; that thereafter the attorney to whom Wandok was directed to go appeared generally in the cause as his attorney and joined in making a stipulation consenting to the appointment of the receiver; that subsequent to such appointment Wandok "through the guardianship estate," received and accepted the beneficial results of the receivership through application of income from the property in receivership to its needed maintenance and improvement and the maintenance of Wandok's interest therein under his contract to acquire it. There is no other proof in the case.

■ Appellant asserts that, since there was no affidavit of service upon the person of Wandok, therefore there was no service. Of course the fact of service is the important thing in determining jurisdiction. Thus it has often happened that proof of service may be defective or even lacking, but if the fact of service is estab-

lished jurisdiction cannot be questioned. Leland v. Heiberg, 156 Minn. 30, 194 N. W. 93.

■ The general rule is that where a court of general jurisdiction has exercised its powers it is presumed, unless the contrary appears as matter of record, that it had jurisdiction both of the subject matter of the action and the parties, since it is the first duty of all courts to keep strictly within the limits of their jurisdiction; and any affirmative act on the part of the court implies that it has ascertained and determined that it had authority to act. 15 C. J. pp. 827-828 [§ 146] I. And the "burden is on the party asserting want of jurisdiction to show such want." 21 C. J. S., Courts, § 96, pp. 149-150, and cases under notes.

■ Here we have not only the exercise of jurisdiction by the court and a recital of the fact of jurisdiction in the orders attacked, but also positive proof that reputable attorneys appeared for the incompetent. Nor can it be denied that his guardian appeared generally. Thus we have a situation where all interests of the incompetent person were and are in competent hands. Appellant is not seeking to be joined as a party by substitution or otherwise. She simply is seeking to destroy that which upon its face appears to be a proper and regular proceeding to conserve the best interests of all concerned in an apartment building which was in such shape that if income were to be derived therefrom repairs and betterments had to be made in order to meet with municipal requirements. Since appellant had the burden to show lack of service, which she has not met, her appeal necessarily must fail. Even if the presumption of jurisdiction were not in the case, we think the record furnishes adequate proof of the fact of service to sustain the order.

■ Of course there is the further well established presumption in favor of an attorney's authority to act for any client whom he professes to represent. 6 C. J. pp. 631-632 [§ 128], and cases cited under note 76; 7 C. J. S., Attorney and Client, § 72; Gem-

mell v. Rice, 13 Minn. 371 (400); Alden v. W. J. Dyer & Bro. 92 Minn. 134, 99 N. W. 784.

Order affirmed.

STONE, JUSTICE (concurring).

I concur in the result because the issue is one of fact and there is enough of evidence and inference to sustain the decision below. It is therefore respectfully submitted that presumptions need not be used to support affirmance. If resort to them were necessary, we should have to consider whether the presumption of jurisdiction has higher standing and greater weight than the ordinary rebuttable presumption so as to make it go further against evidence than the ordinary presumption considered in Ryan v. Metropolitan L. Ins. Co. 206 Minn. 562, 289 N. W. 557. Here there was no evidence against the presumption that the attorneys who appeared for Mr. Wandok were authorized to represent him.

HILTON, JUSTICE (concurring).

I concur in the opinion of Mr. Justice Stone.