Aron Steuer, J.
In this matter the petitioner seeks a writ of prohibition against respondents, the Justices of the Court of Special Sessions, to prevent them from hearing or determining five proceedings now pending in that court. Unfortunately, a difference arose between the offices of the Attorney-General and the Corporation Counsel as to which was the proper person to represent the respondents. Each claimed that the duty devolved upon the other. Apparently the latter has now undertaken the defense. So far he has challenged the service and has requested time to answer or move in respect to the petition. As no prejudice will result to the petitioner from a reasonable adjournment, only the question of service will be considered on this application.
Service of a writ of prohibition is governed by section 1289 of the Civil Practice Act. It is to be made in the manner provided for the personal service of a summons in an action. “ Service on a court consisting of three or more judges may be made by serving a majority of them.” The foregoing quotation is from the section.
Several interesting questions arise on the service, none of which have ever been judicially determined. However, one fact is determinative. Whatever service was attempted was made by the petitioner. Section 220 of the Civil Practice Act, providing for the method of service of a summons in an action, states clearly that it must be served by a person who is not a party to the action. This would bar petitioner, as the provisions of section 1289 requiring the same method of service as in an action, make no exception in this regard. The service being improper, the petition is dismissed without prejudice. This decision may well he regarded as technical, but not as regrettable. The petitioner is known to virtually every member of this court as a practitioner insisting on meticulous observation of every technicality. He should be the last to complain if his own lapse provides a weapon against him.