**Larry and Paula JUHL, Respondents,**

v.

**Peggy ROSE, Appellant.**

**No. C3–84–2141.**

Court of Appeals of Minnesota.

April 30, 1985.

Robert Edwards, Dorn Law Firm, Ltd., Anoka, for appellant.

John E. Mack, New London, for respondents.

Considered and decided by NIERENGARTEN, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Peggy Rose appeals from a default judgment entered November 1, 1984, as a result of a landlord-tenant dispute. We affirm.

## FACTS

In January 1984, respondents Larry and Paula Juhl leased real property to appellant Peggy Rose's husband for $395.00 per month. Peggy Rose was given 60 days

written notice of intent to terminate the lease effective August 31, 1984.

The Juhls alleged that Rose owed back rent, caused physical damage to the premises, and failed to pay for water and sewer charges. A summons and complaint was served on July 19, 1984, on Frank Martin at the residence of Rose. The affidavit of service did not indicate that Martin was a person of suitable age and discretion or that he was residing in Rose's residence.

Juhl's case was proved up at a default hearing on September 13 and, immediately thereafter, the trial court agreed to give Rose 10 days to answer.

Rose failed to file an answer so the trial court entered an order for default judgment on October 4, 1984, and awarded the Juhls $976.18 in damages.

Rose's answer was not received by the trial court until October 15 when Rose made a motion to vacate the order for default judgment. In an affidavit, Rose stated she never received a copy of the summons and complaint and denied Martin ever resided with her. By order dated October 25, 1984, the trial court conditioned relief from the order for judgment upon Rose posting a $500.00 bond. A bond was never filed, and judgment was entered on November 1, 1984.

## ISSUES

1. Was the service of process valid?

2. Did the trial court err when it conditioned relief from the order for judgment by requiring the posting of a $500 bond?

## ANALYSIS

### I

Rose contends the trial court did not have personal jurisdiction over her because the affidavit of personal service did not state that Frank Martin was "a person of suitable age and discretion residing in the residence" of Rose. Rose denies ever knowing Martin and claims he never resided with her.

There is evidence that Rose had been served. On September 11, 1984, two days before the default hearing, Rose's attorney wrote to the Juhls about their action. Rose also attempted to make a general appearance immediately after the default hearing. The trial court even granted her a 10 day grace period within which to file an answer. Rose failed to do this but, instead, brought a motion to vacate the court's October 4 order for default judgment.

■ The record furnishes adequate proof of the fact of service. This being so, the court had jurisdiction to act on a motion for default judgment.

■ It is the service of process and not the proof thereof that confers jurisdiction upon a court. "Thus it has often happened that proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned." *Goodman v. Ancient Order of United Workmen,* 211 Minn. 181, 183–84, 300 N.W. 624, 625 (1941).

### II

By an order dated October 11, 1984, the trial court allowed Rose to proceed in forma pauperis. Rose argues the trial court erred when it conditioned relief from the court's October 4 order for judgment by requiring the posting of a bond. Default judgment was entered only after Rose failed to post this bond.

■ Minn.R.Civ.P. 60.02 provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * *, order, or proceeding * * *." *Id.* Since the trial court granted Rose a 10 day grace period within which to file an answer, which would have prevented the entering of a default judgment, we conclude the trial court did not abuse its discretion by requiring a bond as a condition of relief from the court's October 4 order.

## DECISION

Affirmed.