Joe L. LEWIS, individually and d.b.a.
J.L. Landscaping and Excavating,
Appellant,

v.

CONTRACTING NORTHWEST, INC., et
al., Respondents.

No. C0–87–765.

Court of Appeals of Minnesota.

Oct. 6, 1987.

Richard T. Kavaney, Stringer, Courtney & Rohleder, St. Paul, for appellant.

Holly A. Raths, Fabyanske, Svoboda, Westra, Holper & Davis, P.A., St. Paul, for respondents.

Considered and decided by WOZNIAK, P.J., and RANDALL and MULALLY,* JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This is an appeal from the district court's order dismissing without prejudice appellant's case, pursuant to rule 12.02 of the Minnesota Rules of Civil Procedure, for lack of jurisdiction due to insufficient service of process. We affirm.

## FACTS

Appellant Joe Lewis was a subcontractor to respondent Contracting Northwest, Inc. (Northwest). Respondent American Insurance Company (American) had provided a performance and payment bond pursuant to Minn.Stat. § 574.26 for Northwest on

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

construction for a waste water treatment project. Lewis is a claimant on the performance and payment bond.

Lewis, pro se, personally served a summons and complaint on Northwest and American. In April 1985, Lewis's complaint was answered, preserving the defense of lack of jurisdiction. Interrogatories were served, but no interrogatory by Lewis inquired as to the basis of the defense.

The complaint alleges changes to the construction contract and compensation therefor and other alleged damages and costs incurred in performing or failing to perform the contract. The construction project was completed in December 1985.

In June 1986, Lewis obtained counsel. Shortly thereafter, the matter was arbitrated pursuant to rule 5 of the Fourth District Rules. An appeal was taken from a favorable award to Lewis.

Respondents brought a motion to dismiss pursuant to Minn.R.Civ.P. 12.02. The motion was granted.

## ISSUE

Does service of process by a party to the action in violation of rule 4.02 require dismissal of the action?

## ANALYSIS

■ It is uncontested that respondents were served. It is the manner in which service took place that is at issue. Rule 4.02 of the Minnesota Rules of Civil Procedure restricts those individuals able to administer service:

> [U]nless otherwise ordered by the court, the sheriff or any other person not less than 18 years of age *and not a party to the action,* may make service of a summons or other process.

(Emphasis added.)

The rationale behind this restriction is to eliminate bias, acrimony and possible oppression which is inherent in litigation.

> In many jurisdictions, the practice statutes and rules of practice variously authorize the summons to be served by any person, persons over a specified age,

electors of the county, disinterested persons, etc. Many of these statutes, however, by their terms or by necessary implication, *prevent a party from serving process in his own case,* and aside from any statutory restriction or limitation *most authorities deny that a party may serve the summons in his own case.* While it has been held that a plaintiff in a justice's court may serve his own summons, in case he is himself a constable or has been specially deputed for the purpose, *as a general rule the law does not authorize a person to execute process in his own favor.* To permit such a course of practice would lead to great oppression, wrong, and irregularity. The law has wisely entrusted the decision of disputes between citizens to persons wholly disinterested and free from bias and the acrimony of feeling so frequently, if not uniformly, engendered by litigation; and the same is equally true of the persons selected to execute the process necessary to the adjustment of such disputes.

62 Am.Jur.2d *Process* § 32 (1972) (emphasis added).

*Minnesota Practice* § 12.8 states:

> A motion to dismiss under Rule 12.-02(4) for insufficiency of service of process challenges the way in which the summons was served upon the defendant. The motion does not question whether the court has the power to assert jurisdiction over the defendant, but rather, contests that plaintiff has complied with the procedural requirements for the exercise of that power. Defects in service of process which may be raised by a Rule 12.02(4) motion to dismiss include substitute service at place of business rather than abode, failure actually to deliver the summons, substitute service at the abode by leaving the summons with unsuitable person, and service by advertisement without complying with prerequisites for that type of service.

> \*    \*    \*    \*    \*    \*

The court will consider the proof of service filed with the summons in addi-

tion to any supplemental affidavits or testimony in support of the service. The defendant should, at the bare minimum, file an affidavit setting forth the facts upon which the service of process is contested. Discovery will be permitted on the validity of the service of the summons, and the court will consider the entire factual showing made by the parties. The court's decision on the motion may resolve the fact issues presented by the motion and its opposition. *The proper action to be taken by the court, if it finds insufficient service of process, is to dismiss the action without prejudice.* The rules do not provide for quashing the service of process and permitting the action to go forward. *Insufficiency of service of process is a defense which may be waived by the parties, and a party who fails to raise it in the first pleading or motion will be deemed to have waived it.* See Rule 12.08.

1 D. Herr & R. Haydock, *Minnesota Practice* § 12.8 (1985) (emphasis added). Respondents properly preserved the defense of lack of jurisdiction in their answer.

The authors' comments to *Minnesota Practice* § 4.5, *Who May Serve Process,* state:

This rule permits the summons to be served *by any person other than a party to the action.* An attorney for a party may serve the summons.

\*      \*      \*      \*      \*      \*

This rule was amended in 1985 to make the language of the rule for service of the summons similar to that for service of a subpoena, Rule 45.03. The rule now also includes the provisions of the former Rule 4.05, permitting the court to order a method for service of process other than a summons or subpoena. The rule creates a unified approach to service of any summons or process. *The rule presumes that any non-party aged 18 or older or the sheriff may serve any document in the action.* Although the rule permits the court to order service in some more restrictive or specific manner, as was intended under old Rule 4.05, *the*

*normal practice is to permit service by virtually any reliable non-party.* *Id.* at p. 44, 45.

In *Schildhaus v. Justices of Court of Special Sessions,* 16 Misc.2d 675, 184 N.Y. S.2d 366, 367 (1959), the court stated:

Whatever service was attempted was made by the petitioner. Section 220 of the Civil Practice Act, providing for the method of service of a summons in an action states clearly that it must be served by a person who is not a party to the action. This would bar petitioner, as the provisions of section 1289 requiring the same method of service as in an action, make no exception in this regard. The service being improper, the petition is dismissed without prejudice. This decision may well be regarded as technical, but not as regrettable.

Lewis relies on *Goodman v. Ancient Order of United Workmen,* 211 Minn. 181, 300 N.W. 624 (1941). The reliance is misplaced. *Goodman* narrowly holds that the absence of an affidavit of service is not fatal to a claim that service was in fact made. *Goodman,* 211 Minn. at 183–84, 300 N.W. at 625.

Lewis argues that the trial court has the power to validate his improper service of process with a retroactive order authorizing Lewis to serve process on respondents. Rule 4.02 prohibits service of process by parties, and the trial court is no less bound by the rules of civil procedure than anyone else. Minn.R.Civ.P. 1.

The federal rule of procedure which governs service of process is rule 4. Like rule 4.02 of the Minnesota Rules of Civil Procedure, federal rule 4 requires that service be by nonparties. Fed.R.Civ.P. 4(c)(2)(A). In addition, federal rule 4 provides several circumstances under which the court may designate a person to serve process. Fed. R.Civ.P. 4(c)(2)(B), 4(e). One federal court has interpreted the rule 4 power of appointment as limited to the power to appoint nonparties only:

*[S]o long as the court does not appoint the actual party to effect service* \* \* \* the selection of the person believed to be in the best position to effect service of

process is a matter of discretion [by the court].

*International Controls Corp. v. Vesco,* 593 F.2d 166, 174 n. 3 (2d Cir.), *cert. denied,* 442 U.S. 941, 99 S.Ct. 2884, 61 L.Ed.2d 311 (1979) (emphasis added).

Aside from retroactive conferring of jurisdiction, which the court is not authorized to do, the provision in Minnesota Rule 4.02 that the court may "otherwise order" service is functionally equivalent to the federal provision that a federal court may "specially appoint" persons to serve process. Like federal rule 4, Minnesota Rule 4.02 is properly construed to empower courts to appoint a particular person to serve process, so long as that party is not a party to the action.

 Lewis's argument that the trial court may retroactively validate an insufficient service of process fails because the court simply lacks the power to do so. Defects in service of process are jurisdictional in nature. 1 D. Herr & R. Haydock, *Minnesota Practice* § 12.8 (1985). If service on a certain date is improper, then the court does not have jurisdiction as of that date. *See id.* Implicit in appellant's argument that a court may later validate the improper service is the notion that a court may relate a summons and complaint back to a date when it lacked jurisdiction. Courts in Minnesota do not have this power. *See Greenly v. Independent School Dist. # 316,* 395 N.W.2d 86, 90 (Minn.Ct. App.1986) (where jurisdictional notice of election contest was invalid, it could not be validated by retroactive amendment); *see also Christenson v. Allen,* 264 Minn. 395, 403, 119 N.W.2d 35, 41 (1963) ("court cannot appropriate to itself jurisdiction which the law does not give").

Lewis personally served Northwest and American. Because Lewis is a party to the action, the service was invalid under rule 4.02 of Minnesota Rules of Civil Procedure. Unless service is valid, the court lacks jurisdiction to hear the case. Without jurisdiction, the action is properly dismissed since respondents preserved the defense of lack of jurisdiction in their answer.

While the results are harsh, there is no exception to the nonparty rule without authorization by the Minnesota Rules of Civil Procedure.

## DECISION

The district court properly dismissed appellant's case for lack of jurisdiction due to insufficient service of process because Lewis himself served respondents in violation of Minn.R.Civ.P. 4.02 and respondents adequately preserved this defense in answer to Lewis's complaint.

Affirmed.