**In re Request for Adoption of Findings of Fact and Conclusions Setting Forth the Reasons for the December 20, 1988, Denial of the City of Winona's Requests for a Supplemental EIS and Contested Case Hearing and Authorization to Issue Combined Air and Solid Waste Permit for Construction and Operation of the WINONA COUNTY MUNICIPAL SOLID WASTE INCINERATOR.**

No. C3–89–70.

Court of Appeals of Minnesota.

May 2, 1989.

Mark Kaster, Dorsey & Whitney, Minneapolis, for movant, Winona County.

Raymond Haik, Popham, Haik, Schnobrich & Kaufman, Minneapolis, for relator, City of Winona.

Hubert H. Humphrey, III, Atty. Gen. and Jocelyn F. Olson, Spec. Asst. Atty. Gen., St. Paul, for respondent, Pollution Control Agency.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and RANDALL, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

The City of Winona appealed, by writ of certiorari, from the denial of a contested case hearing and the issuance of a permit to Winona County for operation of a solid waste incinerator. Briefing is complete and oral arguments were recently held. The county now seeks an order compelling the city to post a surety bond.

If an action is brought in any court to challenge the validity of a condition precedent to an act, or the act itself, of a public body in the course of authorizing, issuing, or selling bonds, or in contracting for a public improvement, the public body may seek an order requiring the party bringing the action to file a surety bond. If the public body is not a party, it may intervene if it "deems" the pending action to "be injurious to the public interest and to the taxpayers." Minn.Stat. § 562.02 (1988). Although Winona County has not participated in the appeal, the solid waste incinerator it proposes to construct is being challenged, and the county is entitled to make this motion.

A surety bond is intended to protect the public or taxpayers from loss or damage which may result from the pendency of the action and attendant delay, if the action proves unsuccessful. The amount is to be determined by the court, which must allow a reasonable time to file the bond. If the bond is not filed, "the action shall be dismissed with prejudice." *Id.*

The parties have not addressed the application of Minn.Stat. § 574.18 (1988), which is dispositive. In relevant part, the statute provides that:

No undertaking or bond need be given upon any appeal or other proceeding instituted in favor of the state, or any county, city, town, or school district in it, or of any executor or administrator as such.

The statute specifically waives the posting of a bond in connection with any appeal by a city.

The language of the statute has remained virtually unchanged since 1868, and it has been interpreted on several occasions. In 1919, our supreme court specifically held that a city is not liable for damages attributable to construction delays caused by its unsuccessful appeal. *Roerig*

*v. Houghton,* 144 Minn. 231, 175 N.W. 542 (1919). In denying a rehearing on the appeal, the supreme court also called "attention to the last clause of section 8237,G.S. 1913 [the predecessor to Minn.Stat. § 574.18], where it is provided that no appeal bond need be given by a municipality in appeals to the supreme court." *Id.* at 236, 175 N.W. at 544.

As the court noted, a municipality is exempt from the surety bond requirement which would otherwise apply to a party challenging the construction of a public improvement. That rule has not changed.

Respondent Winona County argues this "appeal has the same force and effect as an injunction." While we note that the agency's issuance of the permit has not actually been stayed, and the city claims the appeal will have little impact on construction, since the land has not been acquired and no starting date has been established, we accept the county's contention that construction is effectively stayed, for purposes of this motion.

Governmental subdivisions are exempt, by operation of Minn.Stat. § 574.18, from any requirement of bond as a condition of obtaining injunctive relief. *State v. Nelson,* 189 Minn. 87, 89, 248 N.W. 751, 752 (1933). That exemption has been incorporated in the Rules of Civil Procedure. Rule 62.04 provides that no bond is required to obtain a stay pending decision on an appeal taken by a governmental subdivision. We have applied this rule to certiorari appeals from agency decisions, holding that a stay is not contingent on the posting of security. *State v. Mower County Social Services,* 428 N.W.2d 491 (Minn.Ct.App.1988).

The city is not liable for construction delays, and it need not post any bond in connection with an appeal challenging the permit or construction.

Motion to compel posting of surety bond denied.