## In re Arbitration of Sandra KERBER, Petitioner, Appellant,

v.

## ALLIED GROUP INSURANCE, Respondent.

No. C7–94–23.

Court of Appeals of Minnesota.

May 24, 1994.

---

Jack G. Marcil, Jane L. Dynes, Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, ND, for appellant.

Thomas R. Olson, James R. Bullis, Jeffries, Olson, Flom & Oppegard, P.A., Moorhead, for respondent.

Considered and decided by KALITOWSKI, P.J., and KLAPHAKE and PETERSON, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant contends the district court erred in concluding that an arbitrator did not have the authority to require respondent to pay appellant's expert witness fees.

## FACTS

The parties participated in no-fault arbitration pursuant to Minn.Stat. § 65B.525 (1992) to resolve a dispute regarding covered losses. Following arbitration, the arbitrator entered an award requiring respondent to pay appellant, among other sums, $750 for appellant's expert witness fees.

After the arbitrator denied respondent's request to modify the award pursuant to Minn.Stat. § 572.16 (1992), respondent brought a motion before the district court to vacate the award of witness fees. *See* Minn. Stat. § 572.19, subd. 1(3) (1992) (the district court shall vacate an award where the arbitrators exceeded their powers). Following a hearing, the district court determined that the arbitrator had exceeded his authority in awarding appellant expert witness fees and vacated that part of the arbitration award.

## ISSUE

Did the district court err in concluding that the arbitrator exceeded his authority by requiring respondent to pay appellant's expert witness fees?

## ANALYSIS

 In no-fault arbitration, to assure consistent interpretation of the Minnesota No–Fault Act, arbitrators decide only issues of fact, and interpretation of law is left to the courts. *Maryland Casualty v. Harvey*, 474 N.W.2d 189, 191 (Minn.App.1991), *pet. for rev. denied* (Minn. Oct. 11, 1991). The arbi-

trator's findings of fact are conclusive, but questions of law are subject to de novo review. *Id.* Statutory construction is a question of law. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

■ The party seeking to vacate an arbitrator's award has the burden of proving the invalidity of the award. *National Indem. v. Farm Bureau Mut. Ins.*, 348 N.W.2d 748, 750 (Minn.1984). The district court, however, must vacate arbitrators' awards when arbitrators have exceeded their powers. Minn. Stat. § 572.19, subd. 1(3).

■ Appellant contends the district court erred in concluding that the arbitrator did not have the authority to require respondent to pay appellant's expert witness fees. Appellant argues that the language of the Minnesota Arbitration Act, read together with the language of the Rules of Procedure for No–Fault Arbitration, allows an arbitrator to assess costs of expert witness fees in no-fault arbitration. We disagree.

The legislature delegated authority to the supreme court to promulgate rules that govern no-fault arbitration. Minn.Stat. § 65B.525. Under Minn.Stat. § 65B.525, rule 32 provides that

> [t]he arbitrator may grant any remedy or relief that the arbitrator deems just and equitable consistent with the Minnesota No–Fault Act. The arbitrator may, in the award, include arbitration fees, expenses, rescheduling fees and compensation as provided in sections 39, 40, 41, and 42 in favor of any party * * *.

Minn.R. No–Fault Arb. 32. Rule 32, however, specifically refers to rule 42, which provides that

> *[t]he expenses of witnesses for either side shall be paid by the party producing such witnesses.* All expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses

such expenses or any part thereof against any specified party or parties.

Minn.R. No–Fault Arb. 42 (emphasis added). Here, appellant's expert witnesses were not produced at the direct request of the arbitrator. Therefore, we conclude that rule 42 limits the authority of the arbitrator to require respondent to pay appellant's expert witness fees.

Further, we do not find the language in the Minnesota Arbitration Act to be controlling. The Minnesota Arbitration Act provides that "[f]ees for attendance as a witness shall be the same as for a witness in the district court." Minn.Stat. § 572.14(d) (1992). No-fault arbitration, however, is governed by Minn.Stat. § 65B.525. Where there is a conflict between two statutory provisions, the special provision of a statute prevails over a general provision. *See* Minn. Stat. § 645.26, subd. 1 (1992). Therefore, the district court correctly determined that the arbitrator exceeded his authority by requiring respondent to pay appellant's expert witness fees.

## DECISION

Because appellant's expert witnesses were not produced at the direct request of the arbitrator, the district court correctly held that the arbitrator exceeded his authority by requiring respondent to pay these fees.

**Affirmed.**