Mary LEEK, Respondent,

v.

AMERICAN EXPRESS PROPERTY
CASUALTY, Appellant.

No. C7–98–1911.

Court of Appeals of Minnesota.

April 6, 1999.

Mark E. Gilbert, Giebel, Gilbert & Kohl, P.L.L.P., St. Paul, for respondent.

Michael J. Tomsche, Tomsche, Sonnesyn & Tomsche, P.A., Minneapolis, for appellant.

Considered and decided by SCHUMACHER, Presiding Judge, LANSING, Judge, and WILLIS, Judge.

## OPINION

**SCHUMACHER, Judge**

Appellant American Express Property Casualty challenges the district court's dismissal of an action to vacate a no-fault arbitration award for lack of jurisdiction due to improper service. American Express argues that under Minn. R. No–Fault Arb. 29 a party may initiate an action in district court without complying with Minn. R. Civ. P. 4. We affirm.

## FACTS

Respondent Mary Leek sought no-fault benefits from American Express arising from two 1996 automobile accidents. After termination of benefits, Leek petitioned for mandatory no-fault arbitration pursuant to Minn. Stat. § 65B.525 (1998). On April 30, 1998, the no-fault arbitrator issued findings of fact and an award in favor of Leek.

On June 18, 1998, American Express sent by regular mail to counsel for Leek an application to the district court seeking to vacate the arbitration award. American Express did not provide for acknowledgment or personal service. On August 10, 1998, Leek moved to dismiss for lack of jurisdiction due to improper service. On September 14, 1998, the district court granted the motion to dismiss and confirmed the arbitration award.

## ISSUE

Does the district court have jurisdiction to consider an application to vacate a no-fault arbitration award where the party seeking vacation did not serve process pursuant to Minn. R. Civ. P. 4?

## ANALYSIS

The construction of a statute is a question of law, fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). Determination of whether service of process was proper is a question of law. *Amdahl v. Stonewall Ins. Co.*, 484 N.W.2d 811, 814 (Minn.App.1992), *review denied* (Minn. July 16, 1992). Provisions relating to the commencement of an action should be construed to give effect to the intent to

provide a single, uniform course of procedure that applies alike to all civil actions. *Bond v. Pennsylvania Ry. Co.,* 124 Minn. 195, 203, 144 N.W. 942, 945 (1914).

The Minnesota No–Fault Act delegates to the supreme court the authority to promulgate rules governing no-fault arbitration. Minn.Stat. § 65B.525, subd. 1 (1998); *Kerber v. Allied Group Ins.,* 516 N.W.2d 568, 570 (Minn.App.1994). Rule 38 of the no-fault rules states the "provisions of Minn.Stat. 572.10 through 572.26 shall apply to the confirmation, *vacation,* modification or correction of award issued hereunder." Minn. R. No–Fault Arb. 38 (emphasis added).

Minnesota statute sections 572.10 through 572.26 are part of the Minnesota Arbitration Act (MAA). Minn.Stat. §§ 572.08–.30 (1998). Section 572.19 provides for vacation of an arbitration award upon application of a party made within 90 days after delivery of the award. Minn.Stat. § 572.19, subd. 2. Under this section, if a party does not serve a vacation application to the district court within 90 days, a challenge on the ground that the arbitrator exceeded statutory powers must fail. *Wacker v. Allstate Ins. Co.,* 312 Minn. 242, 248–50, 251 N.W.2d 346, 349–50 (1977).

■ As to the manner of service, section 572.23 of the MAA states in relevant part:

Unless the parties have agreed otherwise, notice of an initial application for an order shall be served in the manner provided by law for the service of a summons in an action.

Minn.Stat. § 572.23. The Minnesota Rules of Civil Procedure require that a summons be served personally or by acknowledged mail. Minn. R. Civ. P. 4.03 (personal service), 4.05 (service by mail). Service by mail is ineffectual if the sender does not receive an acknowledgment. Minn. R. Civ. P. 4.05. "Rule 4.05 requires strict compliance to procedure in order to perfect service." *Coons v. St. Paul Cos.,* 486 N.W.2d 771, 776 (Minn. App.1992), *review denied* (Minn. July 16, 1992). If service of process is invalid, the district court lacks jurisdiction to consider the case, and it is properly dismissed. *Allstate Ins. Co. v. Allen,* 590 N.W.2d 820 (Minn.App.1999); *Lewis v. Contracting Northwest, Inc.,* 413 N.W.2d 154, 157 (Minn. App.1987).

■ American Express does not contest that its application to the district court fell short of Minn. R. Civ. P. 4. American Express admittedly sent its application by regular mail without providing for acknowledgment or personal service. But American Express argues that Minn. R. Civ. P. 4 does not apply to their application to district court because under Minn. R. No–Fault Arb. 29 the parties had "agreed otherwise" within the meaning of Minn.Stat. § 572.23.

No-fault rule 29 states in part:

Each party shall be deemed to have consented that any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules; for any court action in connection herewith; or for the entry of judgment on any award made under these rules may be served on a party by mail * * *.

* * * parties may also use facsimile transmission, telex, telegram, or other written forms of electronic communication to give the notices required by these rules.

Minn. R. No–Fault Arb. 29. No-fault rule 29 indicates that parties to mandatory no-fault arbitration consent to service, by traditional or electronic mail, of "papers, notices, or process" in initiation or continuation of the arbitration. *Id.* By its terms, no-fault rule 29 also applies to "any court action in connection herewith." *Id.* We read "any court action in connection herewith" as limited to court actions during the course of the no-fault arbitration itself.

A no-fault arbitration proceeding begins with the denial of a claim and ends with legal delivery of the award to the parties. *See* Minn R. No–Fault Arb. 5(d) (rules activated upon denial of claim); Minn. R. No–Fault Arb. 33 (delivery of award to parties). During the course of a no-fault arbitration there may be an occasion for court action in connection with the arbitration proceeding itself. For example, Minn. R. No–Fault Arb. 23 indicates that subpoenas for the attendance of witnesses shall be enforced upon application to the district court. Minn. R. No–Fault

Arb. 23. We hold that Minn. R. No–Fault Arb. 29 applies only to the arbitration proceeding itself and that "any court action in connection herewith" refers to a court action prior to the arbitration award. Once the arbitrator issues an award, Minn. R. No–Fault Arb. 38 plainly controls "confirmation, vacation, modification or correction" of that award.

Even if Minn. R. No–Fault Arb. 29 provided that a party may initiate an action in district court without complying with the rules of civil procedure, the civil procedure rules would nonetheless apply. Minn. R. Civ. P. 2 indicates that there is one form of action, known as a "civil action." Minn. R. Civ. P. 2. This one form of action includes every proceeding before a competent court in the due course of the proper administration of justice that is to result in any determination. *State v. Nelson*, 189 Minn. 87, 89–90, 248 N.W. 751, 752 (1933). The Minnesota Rules of Civil Procedure "govern the procedure in the district courts of the State of Minnesota in all suits of a civil nature, with the exceptions stated in Rule 81." Minn. R. Civ. P. 1.

Civil procedure rule 81.01(a) states that the

> rules do not govern pleadings, practice and procedure in the statutory and other proceedings listed in Appendix A insofar as they are inconsistent or in conflict with the rules.

Minn. R. Civ. P. 81.01(a). Rule 81.01(c) states that, subject to 81.01(a), all statutes "inconsistent or in conflict with these rules are superseded insofar as they apply to pleading, practice, and procedure in the district court." Minn. R. Civ. P. 81.01(c).

Appendix A to the Minnesota Rules of Civil Procedure is entitled "Special Proceedings Under Rule 81.01" and lists proceedings excepted from the rules of civil procedure "insofar as they are inconsistent or in conflict with the procedure and practice provided by these rules." Neither Chapter 65B (no-fault act) nor chapter 572(MAA) is among the statutes listed in Appendix A. The list of excepted statutes contained in Appendix A of the rules, however, is not exclusive.

*Peterson v. Peterson*, 308 Minn. 297, 304 n. 3, 242 N.W.2d 88, 93 n. 3 (1976). Regardless, the Minnesota Supreme Court has rejected the notion that district court review of an arbitration award is a "special proceeding" rather than an ordinary civil action. *See Pulju v. Metropolitan Property & Cas.*, 535 N.W.2d 608, 608–09 (Minn.1995) (reversing court of appeals determination that district court review of arbitration is "special proceeding" within meaning of Minn. R. Civ. App. P. 103.03(g)).

Even if district court review of an arbitration award were a "special proceeding," initiation of district court review would nonetheless remain subject to civil procedure requirements. *See State by Humphrey v. Baillon Co.*, 503 N.W.2d 799, 803 (Minn.App. 1993) (fact that proceeding is "special proceeding" does not preclude treating it as civil action). As Appendix A indicates, special proceedings are excepted from the rules of civil procedure only to the extent the special proceedings conflict with the rules.

> A rule of civil procedure is inconsistent or in conflict with the provisions of a statute if the essential purpose of the statute would be frustrated by application of the rule.

*In re Petition of Brainerd Nat'l Bank*, 383 N.W.2d 284, 286 (Minn.1986). Requiring a party seeking judicial review of an arbitration award to follow the Minnesota Rules of Civil Procedure does not frustrate the purpose of the No–Fault Arbitration Act. Accordingly, Minn. R. Civ. P. 4 is not inconsistent or in conflict with the Minnesota No–Fault Act.

Finally, to the extent that a statute conflicts with the procedural, pleading, or practice edict under a rule of civil procedure, the rule generally prevails. *See Wick Bldg. Sys., Inc., v. Employers Ins.*, 546 N.W.2d 306, 308 (Minn.App.1996) (citing Minn. R. Civ. P. 81.01(c)). Minn. R. Civ. P. 81.01(c) specifically provides that all statutes "inconsistent or in conflict with these rules are superseded insofar as they apply to pleading, practice, and procedure in the district court." Minn. R. Civ. P. 81.01(c). Accordingly, to the extent that the Minnesota No–Fault Act is inconsistent or in conflict with the Minne-

sota Rules of Civil Procedure, the rules supersede the Act. Like any other civil action, an action in district court to vacate an arbitration award must be commenced pursuant to Minn. R. Civ. P. 4.

## DECISION

The district court does not have jurisdiction to consider a motion to vacate the no-fault arbitration award because American Express did not serve process pursuant to Minn. R. Civ. P. 4.

**Affirmed.**