**WORLD CHAMPIONSHIP FIGHTING, INC., Appellant,**

v.

**James JANOS, et al., Respondents.**

**No. C9–99–1547.**

Court of Appeals of Minnesota.

April 25, 2000.

Mark A. Levine, Davis, Dodd, Levine & Miller, Ltd., Minneapolis, for appellant.

David Bradley Olsen, Henson & Efron, P.A., Minneapolis, for respondents.

Considered and decided by PETERSON, Presiding Judge, SCHUMACHER, Judge, and ANDERSON, Judge.

## OPINION

SCHUMACHER, Judge.

World Championship Fighting, Inc. (WCF) appeals the district court's dismissal of a breach of contract claim for lack of subject matter jurisdiction. We affirm.

## FACTS

WCF sued the Jesse Ventura gubernatorial campaign, Governor Ventura (a/k/a James Janos), and two campaign volunteers in Hennepin County Conciliation Court for breach of contract. After a trial, the conciliation court rendered judgment for defendants. WCF served and filed papers to remove the case to district court for a trial de novo. The removal papers were signed by James Koch, who is identified on the conciliation court complaint as WCF's president and who is not an attorney. Defendants moved to have the case dismissed for lack of jurisdiction, contending that since WCF filed the removal papers without an attorney, the papers were ineffective and the court therefore never acquired jurisdiction. The district court granted the motion and dismissed the case. WCF appeals.

## ISSUE

May a corporation not represented by counsel file a notice of removal (appeal) from conciliation court?

## ANALYSIS

Whether a district court has subject matter jurisdiction is a legal question subject to de novo review on appeal. *Humphrey v. $1109 in U.S. Currency*, 539 N.W.2d 1, 2 (Minn.App.1995), *review denied* (Minn. Dec. 20, 1995).

The district court concluded that WCF's removal was not timely perfected because it was made by a non-lawyer. The district court reasoned that filing the papers to remove the case from conciliation court to district court constituted an "appearance" in district court. *See* Minn. R. Civ. Pro. 5.01 ("A party appears when that party serves or files any paper in the proceeding."). Because a corporation may not make an appearance in district court unless it is represented by counsel, *Nicollet Restoration, Inc. v. Turnham*, 486 N.W.2d 753, 754 (Minn.1992), the court reasoned that the removal papers—filed without counsel—were ineffective, thus depriving the court of jurisdiction.

Removing a case from conciliation court is comparable to filing a complaint in district court. The district court observed as much:

A demand for removal from Conciliation Court is a request for a trial de novo in District Court and is basically in the

same procedural posture as any other action commenced in District Court by summons and complaint.

We perceive no reason why a corporation unrepresented by counsel should be able to commence a district court action by removing a case from conciliation court when it is not allowed to do so by filing a complaint. In *Leek v. American Express Property Cas.*, 591 N.W.2d 507 (Minn.App. 1999), *review denied* (Minn. July 7, 1999), we dealt with a similar contention. In that case, the appellant claimed that one of the no-fault arbitration rules allowed a party to initiate a civil action without complying with the civil procedure rules governing service of process. *Id.* at 509. We rejected the contention, holding that the same rules apply to all civil actions in Minnesota, subject only to exceptions contained in the rules themselves:

> Even if Minn. R. No–Fault Arb. 29 provided that a party may initiate an action in district court without complying with the rules of civil procedure, the civil procedure rules would nonetheless apply. Minn. R. Civ. P. 2 indicates that there is one form of action, known as a "civil action." Minn. R. Civ. P. 2. This one form of action includes every proceeding before a competent court in the due course of the proper administration of justice that is to result in any determination. *State v. Nelson*, 189 Minn. 87, 89–90, 248 N.W. 751, 752 (1933). The Minnesota Rules of Civil Procedure "govern the procedure in the district courts of the State of Minnesota in all suits of a civil nature, with the exceptions stated in Rule 81." Minn. R. Civ. P. 1.

*Id.* at 510. Similarly, we do not believe the legislature intended that some corporations would be allowed to institute district court actions without aid of counsel while others would not, depending only on whether the case began in conciliation court.

Our conclusion is buttressed by the Minnesota Supreme Court's decision in *Nicollet*, where the appellant corporation argued that because its case had originated in conciliation court, a statute gave it the right to prosecute the action in district court without an attorney. 486 N.W.2d at 755. The Supreme Court disagreed, holding that the statute did not give such a right, and also that even if it purported to do so, it would be ineffective:

> [L]egislative enactments which purport to authorize certain classes to practice law in the courts of this state are not controlling upon the judiciary. As such, we reaffirm our conviction that a corporation must be represented by a licensed attorney when appearing in district court.

*Nicollet*, 486 N.W.2d at 756. We believe the supreme court's unwillingness to allow a corporation to prosecute an action in district court without an attorney, even though the action was removed from conciliation court, indicates that neither should we allow a corporation to remove a conciliation court action to district court without an attorney.

## DECISION

Because an unrepresented corporation may not file the papers necessary to remove an action from conciliation court to district court, WCF could not remove its case to district court without being represented by an attorney. The district court was correct to conclude that it lacked jurisdiction over WCF's case.

**Affirmed.**

PETERSON, Judge (dissenting)

I respectfully dissent. I disagree with the majority's conclusion that by filing the demand for removal, WCF made an unrepresented appearance in district court.

To remove a case from conciliation court to district court, a party must do four things: serve on the opposing party or the opposing party's lawyer a demand for removal of the cause to district court; file the original demand for removal with proof

of service; file an affidavit stating that the removal is made in good faith; and pay the removal fee, along with any jury trial fees that may apply. Minn. R. Gen. Pract. 521(b). When these four things have been done, the removal is perfected and the case is transferred to district court:

(d) **Removal Perfected; Vacating Judgment; Transmitting File**. When all removal papers have been filed properly and all requisite fees paid as provided under Rule 521(b), the removal is perfected, and the court shall issue an order vacating the order for judgment in conciliation court, and the whole contents of the conciliation court file of the cause shall be filed in district court.

Minn. R. Gen. Pract. 521(d).

This also means, however, that until these four things are done, and the removal is perfected, the case remains in conciliation court. Because a party files its demand for removal before the removal is perfected and, therefore, before the case is transferred to district court, filing the demand for removal cannot be an appearance in district court. Consequently, a corporation need not have counsel to file a demand to remove a case from conciliation court to district court.

Because filing its demand for removal was not an improper appearance in district court, WCF's demand was timely and its removal was perfected. I would therefore reverse the district court's decision that it lacked subject matter jurisdiction over WCF's lawsuit.