**Pamela BARKLEY Individually and as Administratrix of The Estate of Alonzo Barkley,**

v.

**CITY OF PHILADELPHIA/City of Philadelphia Police Dept., *et al.***

No. CIV.A. 00–6542.

United States District Court, E.D. Pennsylvania.

April 3, 2001.

Scott A. Bennett, Beasley, Casey and Erbstein, Philadelphia, PA, for plaintiff.

Edward D. Chew, Jr., Philadelphia, PA, for City of Philadelphia/City of Philadelphia Police Dept., John Timoney and Anthony Anastasi.

Thomas P. Kelly, Bazelon & Less, Philadelphia, PA, for Pennsylvania Financial Responsibility Assigned Claims Plan.

### MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before this Court are the Plaintiff's Petition to Remand to State Court (Docket No. 3), the Defendants Timoney, Anastasi, and the City of Philadelphia's Response to the Plaintiff's Motion for Remand (Docket No. 4), and the Plaintiff's Motion to Consolidate (Docket No. 7).

### I. INTRODUCTION

This case arises from an accident in which the Plaintiff, while a pedestrian, was struck by a motorist who was being chased by a Philadelphia Police Department Officer. A lawsuit was commenced in the Philadelphia Court of Common Pleas on November 14, 2000. On December 28, 2000, the Defendants City of Philadelphia, John Timoney, and Anthony Anastasia

(the "moving Defendants"), filed a petition to remove the case from the Philadelphia Court of Common Pleas to this Court. Jurisdiction was based on 28 U.S.C. § 1331. The Defendant Pennsylvania Financial Responsibility Assigned Claims Plan (the "Plan") did not join in the Petition for removal. The Plaintiff filed the instant motion to remand on January 18, 2001, claiming that removal was defective because all of the defendants did not consent to removal. Also pending before the Court is the Plaintiff's motion to consolidate this action with the related case of *Wright v. City of Philadelphia/City of Philadelphia Police Dep't*, Civil Action No. 00–5505.[1]

### II. DISCUSSION

■ Pursuant to section 1447(c) of 28 U.S.C., the Plaintiff seeks to remand the instant case to the Court of Common Pleas of Philadelphia County claiming there was a "defect in removal procedure." *See* 28 U.S.C.A. § 1447(c)(West 2000). The moving Defendants petitioned for removal pursuant to section 1446(a) of 28 U.S.C. which requires that "[a] defendant or defendants desiring to remove any civil action ... shall file ... a notice of removal...." *See* 28 U.S.C. § 1446(a)(West 2000). Despite the ambiguity of the term "defendant or defendants," it is well established that removal generally requires unanimity among defendants. *See Balazik v. Co. of Dauphin*, 44 F.3d 209, 213 (3d Cir.1995). The Third Circuit has stated that "failure of all defendants to join in removal is a 'defect in removal procedure.'" *Balazik*, 44 F.3d at 213. In the instant case, there was no unanimity among defendants because the Plan did not take part in the removal petition.

---

**1.** The *Wright* case has been remanded to the Court of Common Pleas of Philadelphia County. *See Wright v. City of Philadelphia/City of*

*Philadelphia Police Dep't*, No. CIV.A.00–5505, 2001 WL 230243, at *2 (E.D.Pa. Mar. 8, 2001).

■ The moving Defendants assert in their petition for removal that the Plan has not entered an appearance in this litigation and from that they deduce that the Plan has not been served with the complaint. These allegations are enough to make removal proper because there is an exception to the unanimity rule for defendants who have not been served with the complaint prior to the filing of the removal petition.[2] *See Lewis v. Rego Co.,* 757 F.2d 66, 68–69 (3d Cir.1985); *see also Balazik,* 44 F.3d at 213 n. 4 (discussing exceptions to the unanimity rule); *Collins v. American Red Cross,* 724 F.Supp. 353, 360 (E.D.Pa.1989)(discussing exception for failure to serve). However, the Plaintiff contends that the Plan was served prior to removal.

■ According to Pennsylvania Rule of Civil Procedure 402(a)(2)(iii), "[o]riginal process may be served . . . at any office or usual place of business of the defendant to his agent. . . ." Pa. R. Civ. P. 402(a)(2)(iii)(West 2001). In addition, when serving a corporation or similar entity, service "shall be made by handing a copy to . . . the manager, clerk or other person for the time being in charge of any regular place of business. . . ." Pa. R. Civ. P. 424(2)(West 2001). In his petition to remand, the Plaintiff includes an affidavit of service indicating that the Plan was served on November 28, 2000 by hand delivery of the complaint to the Plan's receptionist at 1835 Market Street, # 701. The civil docket from the Court of Common Pleas of Philadelphia County indicates that the Plan's place of business is 1835 Market Street, suite 700. Also, Pennsylvania courts have stated that "where service was made on a receptionist in the defendant's offices and the receptionist represented to the process server that she was the person in charge, . . . service was proper." *Cintas Corp. v. Lee's Cleaning Serv., Inc.,* 549 Pa. 84, 700 A.2d 915, 920 (1997). There are no facts before the Court to indicate that this was not the case here. Therefore, the Court finds that the Plan was properly served on November 28, 2000.[3] Because the petition for removal was filed on December 28, 2000, the Court finds that consent of the Plan was required to remove this case.

■ There is little doubt that the moving Defendants were well aware of the Plan's involvement in this litigation. In addition, it is clear that all parties are aware of the Plan's opposition to removal. When reviewing decisions to remand, removal statutes "must be strictly construed in favor of state court jurisdiction." *Landman v. Borough of Bristol,* 896 F.Supp. 406, 408 (E.D.Pa.1995) (citing *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990)). Accordingly, any doubts concerning the removal procedure should

---

2. The moving Defendants also raise another exception to the unanimity rule, that the "unanimity rule" may be disregarded where a non-joining defendant is a nominal party. This Court has already addressed the issue of whether the Plan is a nominal Defendant under the facts of this case. *See Wright v. City of Philadelphia/City of Philadelphia Police Dep't,* No. CIV.A.00–5505, 2001 WL 230243, at *2 (E.D.Pa. Mar. 8, 2001). The Court finds that the Plan is not a nominal party. *See Wright,* 2001 WL 230243, at *2.

3. The moving Defendants rely on the docket from the Court of Common Pleas of Philadelphia County to indicate that no return of service was made prior to removal. However, "the fact of service is the important thing in determining jurisdiction and . . . 'proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned.'" *Commonwealth ex rel. McKinney v. McKinney,* 476 Pa. 1, 381 A.2d 453, 455 (1977) (quoting *Goodman v. Ancient Order of United Workmen,* 211 Minn. 181, 300 N.W. 624, 625 (1941)); *see also Cintas Corp.,* 700 A.2d at 918.

be resolved in favor of remand. *Id.* The Court finds that the failure to join the Plan in the moving Defendants' petition for removal was a "defect in removal procedure" under 28 U.S.C. § 1447(c) and as a result, the Plaintiff's motion for remand should be granted.

For the foregoing reasons, the Court grants the Plaintiff's motion to remand. In addition, because this case is being remanded to the Court of Common Pleas of Philadelphia County, the Plaintiff's motion to consolidate is denied as moot.

An appropriate Order follows.

### ORDER

AND NOW, this 6th day of April, 2001, upon consideration of the Plaintiff's Petition to Remand to State Court (Docket No. 3), the Defendants Timoney, Anastasi, and the City of Philadelphia's Response to the Plaintiff's Motion for Remand (Docket No. 4), and the Plaintiff's Motion to Consolidate (Docket No. 7), IT IS HEREBY ORDERED that pursuant to 28 U.S.C. § 1447(c) the Plaintiff's Petition to Remand to State Court is **GRANTED;**

IT IS HEREBY FURTHER ORDERED that the above captioned case is **REMANDED** to the Court of Common Pleas of Philadelphia County; and

IT IS HEREBY FURTHER ORDERED that the Plaintiff's Motion to Consolidate is **DENIED AS MOOT**.